**STATE of Iowa, Appellee,**

v.

**Scott Richard SPURGEON, Appellant.**

**No. 94–92.**

Supreme Court of Iowa.

May 24, 1995.

Linda Del Gallo, State Appellate Defender, and Rachele Braverman Hjelmaas and John F. Fatino, Asst. State Appellate Defenders, for appellant.

Thomas J. Miller, Atty. Gen., Martha E. Boesen, Asst. Atty. Gen., David Andrusyk, County Atty., and Bruce C. McDonald, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

Defendant, Scott Richard Spurgeon, claims he had ineffective counsel in his trial for burglary in the second degree and assault with intent to commit sexual abuse causing bodily injury. *See* Iowa Code §§ 709.11, 713.1, 713.5(2) (1993). As a result of counsel's failure to object to the instructions and verdicts, Spurgeon was convicted, he argues, of two crimes that are factually irreconcilable.

We think that under this record Spurgeon's convictions of burglary in the second degree and assault with intent to commit sexual abuse causing bodily injury are not inconsistent. Therefore, we affirm.

### I. *Factual and Procedural Background.*

The victim testified that she awoke at 3:00 a.m. one night to find Spurgeon crouched next to her bed, stroking her buttocks. She said that when she screamed, Spurgeon put his hand over her mouth and knocked one of her teeth loose. She also testified that although she had invited Spurgeon to her home the previous afternoon, she had not invited him back that evening.

The victim's mother also testified that she did not invite Spurgeon into their home that evening. She said that on the night of the incident she was awakened in the middle of the night by her daughter's screams.

The State charged Spurgeon in two counts. Count I charged burglary in the second degree in violation of Iowa Code sections 713.1 and 713.5(2); count II charged assault with the intent to commit sexual abuse causing bodily injury in violation of Iowa Code section 709.11. Spurgeon relied on an alibi defense at trial.

The court submitted both charges to the jury, along with several lesser included offenses. The jury found Spurgeon guilty of burglary in the second degree and assault with the intent to commit sexual abuse causing bodily injury. The court sentenced Spurgeon to a ten-year term on the burglary conviction and a five-year term on the assault conviction, to be served concurrently.

Spurgeon appeals, claiming his counsel was ineffective. He faults his attorney for failing to object to the marshaling instruction on second-degree burglary on the basis that the instruction did not include as an element the absence of bodily injury. Spurgeon also thinks that his counsel should have objected to the jury verdicts convicting him of both crimes because the verdicts were irreconcilable.

### II. *Scope of Review.*

Spurgeon claims he was denied his sixth amendment right to counsel because his attorney was ineffective. *See Taylor v. State*, 352 N.W.2d 683, 684–85 (Iowa 1984). We review this constitutional claim de novo. *State v. Ray*, 516 N.W.2d 863, 865 (Iowa 1994).

To prove his claim, Spurgeon must establish by a preponderance of the evidence that (1) his counsel failed to perform an essential duty, and (2) prejudice resulted. *Id.* We can affirm on appeal if either element is lacking. *State v. McKettrick*, 480 N.W.2d 52, 56 (Iowa 1992).

With respect to the first element, Spurgeon has the burden to prove that his attorney's performance was not within the normal range of competence. *State v. Buck*, 510 N.W.2d 850, 853 (Iowa 1994). We presume that counsel was competent. *McKettrick*, 480 N.W.2d at 55. As to the second element of his claim, Spurgeon must prove

that his attorney's "error worked to his actual and substantial disadvantage, creating a reasonable probability that but for the error the trial's result would have been different." *Ray*, 516 N.W.2d at 865.

■ Ordinarily, we preserve claims of ineffective assistance of counsel for postconviction relief proceedings. *Id.* However, when the record adequately presents the issue, such claims will be resolved on direct appeal. *Buck*, 510 N.W.2d at 853. We think the record here is sufficient to conclude that Spurgeon has not met his burden of proof that any error by his counsel was prejudicial.

### III. *Lack of Prejudice.*

Spurgeon claims that the absence of bodily injury is an element of burglary in the second degree. *See* Iowa Code § 713.5(2) (1993); *cf. McKettrick*, 480 N.W.2d at 58. The court did not include this element in the marshaling instruction for second-degree burglary. Spurgeon's attorney did not object to this omission.

The failure to instruct on this element is prejudicial, claims Spurgeon. He argues that under correct instructions the crimes of burglary in the second degree and assault with intent to commit sexual abuse resulting in bodily injury contain mutually exclusive elements.[1] Therefore, he thinks he could not have been convicted of both crimes had the court correctly instructed the jury. *See McKettrick*, 480 N.W.2d at 58 (concluding that it is impossible to be guilty of assault *with* intent to commit serious injury and assault causing bodily injury, the latter being defined as an assault *without* the intent to inflict a serious injury).

■ We need not decide whether the absence of bodily injury is an element of second-degree burglary. Even if it is, Spurgeon's argument fails because convictions of both crimes are not factually inconsistent. Once Spurgeon entered, without permission, the victim's occupied home with the intent to commit an assault, the crime of burglary in the second degree was complete. At that point in time he had caused no bodily injury. After committing burglary in the second degree, he assaulted the victim with the intent to sexually abuse her and during that assault he caused bodily injury. We think his later acts, although possibly adequate to elevate the burglary to first-degree burglary, do not negate his prior commission of second-degree burglary. Thus, there was a factual basis for the jury to conclude that Spurgeon first committed burglary in the second degree and then committed assault with the intent to commit sexual abuse causing bodily injury, even if the jury had been instructed in accordance with Spurgeon's wishes.

This case differs from *McKettrick* because in that case the State had consistently characterized the incident as *one* assault. *McKettrick*, 480 N.W.2d at 56 n. 2. Nevertheless, the jury convicted the defendant of two assault charges, one requiring intent to commit a serious injury and the other requiring that the assault be committed without an intent to commit a serious injury. *Id.* at 55. We noted that had there been more than one assault, a trier of fact could have found one assault with an intent to commit a serious injury and another assault without an intent to commit a serious injury. *Id.* at 56 n. 2. However, because there was only one assault, it was impossible for the defendant to commit a single assault both with the intent to inflict serious injury and without the intent to inflict serious injury. *Id.* at 58.

In contrast, here there are separate acts supporting convictions of both charges. As demonstrated above, it is not factually impossible for Spurgeon to have committed both second-degree burglary and assault with the

---

1. Under the alternative charged, second-degree burglary is committed under the following circumstances:

  2. While perpetrating a burglary in or upon an occupied structure in which persons are present, the person does not have possession of an explosive or incendiary device or material, nor a dangerous weapon, *and no bodily injury is caused to any person.*

Iowa Code § 713.5(2) (1993) (emphasis added). Assault with intent to commit sexual abuse causing bodily injury is defined as:

  Any person who commits an assault, as defined in section 708.1, with the intent to commit sexual abuse is ... guilty of a class "D" felony if the person thereby *causes any person a bodily injury* other than a serious injury. *Id.* § 709.11 (emphasis added).

intent to commit sexual abuse causing bodily injury. Spurgeon's prejudice argument—"the defendant was convicted of mutually exclusive charges"—is inaccurate. Therefore, we conclude there is not a reasonable probability that the outcome of the trial would have been any different.

Spurgeon has failed to prove the prejudice element of his ineffective-assistance-of-counsel claim. Consequently, we affirm his convictions and sentences on both charges.

**AFFIRMED.**