STATE of Iowa, Appellee,

v.

**Rebecca Lynn PEARSON, Appellant.**

No. 94–1891.

Court of Appeals of Iowa.

Feb. 28, 1996.

Linda Del Gallo, State Appellate Defender, and Sarah E. Hennesy, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, William E. Davis, County Attorney, and Julie Walton, Assistant County Attorney, for appellee.

Heard by SACKETT, P.J., and CADY and HUITINK, JJ.

HUITINK, Judge.

Rebecca Lynn Pearson appeals the judgment and sentences, following jury trial, entered upon her convictions of two counts of assault resulting in bodily injury and one court of going armed with intent. We affirm in part and reverse in part.

Rebecca Pearson was drinking at Zeke's Birdland tavern in Davenport, Iowa, on April 28, 1994. When she first arrived, she was accompanied by Vincent Harland. Harland ordered a pizza for Pearson and then left. Sometime after Harland left, Earl "Zeke" Cunningham, the owner of the tavern, asked to see Pearson's identification, before allowing her to order another drink. Pearson refused to show her identification and the two argued for several minutes, exchanging obscenities. Pearson then left the bar but told Zeke she would be back.

About ten minutes later, Harland returned to the bar, followed by Pearson. He approached Zeke and asked, "You Zeke?" Zeke responded affirmatively, and Harland proceeded to hit Zeke in the face with a wooden stick, causing severe injuries. Matt Baughman was sitting at the bar at the time of the assault and attempted to intervene.

When Baughman told Harland to stop hitting Zeke, Harland struck Baughman in the face with the same stick, inflicting severe injuries. Pearson and Harland then left the bar together.

Pearson was charged with willful injury of Baughman (Count I), assault resulting in bodily injury of Zeke (Count II), and going armed with intent (Count III). The State prosecuted Pearson based on a theory that she aided and abetted Harland in the commission of these offenses. The State did not claim Pearson was vicariously responsible for Harland's actions based on a joint criminal conduct theory. The jury was instructed as follows:

### INSTRUCTION NO. 16

Under Count I, the State must prove all of the following elements of Willful Injury:

1. On or about the 28th day of April, 1994, the defendant by aiding and abetting, assaulted Matt Baughman.

2. The defendant by aiding and abetting specifically intended to cause a serious injury to Matt Baughman.

3. Matt Baughman sustained a serious injury as defined in Instruction 18.

### INSTRUCTION NO. 20

Under Count I, the State must prove all of the following elements of Assault Without Intent Resulting in Bodily Injury:

1. On or about the 28th day of April, 1994, the defendant by aiding and abetting did an act which was meant to cause pain or injury to Matt Baughman.

2. The defendant had the apparent ability to do the act.

3. That defendant's act was committed without the intent to inflict a serious injury.

4. The defendant's act caused a bodily injury as defined in Instruction No. 21.

### INSTRUCTION NO. 24

Under Count II, the State must prove all of the following elements of Assault Resulting in Bodily Injury:

1. On or about the 28th day of April, 1994, the defendant by aiding and abetting did an act which was meant to cause pain or injury to Zeke Cunningham.

2. The defendant had the apparent ability to do the act.

3. That defendant's act was committed without the intent to inflict a serious injury.

4. The defendant's act caused a bodily injury to Zeke Cunningham as defined in Instruction No. 21.

### INSTRUCTION NO. 26

Under Count III, the State must prove all of the following elements of Going Armed With Intent:

1. On or about the 28th day of April, 1994, the defendant did aid and abet another who was armed with an object.

2. The object was a dangerous weapon as defined in Instruction No. 28.

3. The defendant was armed with the specific intent to use the object against another person.

### INSTRUCTION NO. 28

A "dangerous weapon" is any device or instrument designed primarily for use in inflicting death or injury, and when used in its designed manner is capable of inflicting death. It is also any sort of instrument or device which is actually used in such a way as to indicate the user intended to inflict death or serious injury, and when so used is capable of inflicting death.

The jury found Pearson guilty of assault causing bodily injury to Baughman, a lesser-included offense of willful injury under Count I. The jury also found Pearson guilty of assault causing Zeke's bodily injury under Count II and going armed with intent under Count III.

On appeal Pearson contends the jury's guilty verdict as to Count III, going armed with intent, is reversibly inconsistent with its guilty verdicts as to Counts I and II, assault resulting in bodily injury. She claims her trial counsel was ineffective because he failed to challenge the verdicts in district court. She also argues her conviction of assault

causing bodily injury to Baughman lacks sufficient evidentiary support.

## I. Ineffective Assistance of Counsel.

When an appellant asserts a violation of constitutional safeguards—such as ineffective assistance of counsel—we make our own evaluation based on the totality of the circumstances. *Hinkle v. State,* 290 N.W.2d 28, 30 (Iowa 1980). This is the equivalent of de novo review. *Id.*

To prevail on her ineffective assistance of counsel claim Pearson must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See State v. Risdal,* 404 N.W.2d 130, 131 (Iowa 1987); *Edman v. State,* 444 N.W.2d 99, 101 (Iowa App.1989). In evaluating counsel's performance, we presume counsel acted competently. *See Risdal,* 404 N.W.2d at 131. Prejudice requires proof that but for counsel's unprofessional errors there is a reasonable probability that the result of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 694 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

As stated earlier, Pearson was charged with aiding and abetting Harland in these offenses. An aider and abettor is charged, tried, and punished as a principal. *See* Iowa Code § 703.1.

Under this theory the State was required to prove Pearson assented to or lent countenance and approval to Harland's criminal acts either by active participation in them or by some manner encouraging them prior to or at the time of their commission. *State v. Lott,* 255 N.W.2d 105, 107 (Iowa 1977). Proof of aiding and abetting may be either direct or circumstantial. *State v. Buttolph,* 204 N.W.2d 824, 825 (Iowa 1972).

Although Pearson's knowledge of these offenses prior to or at the time of their commission is essential, neither knowledge nor proximity to the scene is standing alone enough to prove aiding and abetting. *State v. Vesey,* 241 N.W.2d 888, 891 (Iowa 1976).

Proof of these facts, however, in addition to circumstantial evidence such as presence, companionship, and conduct before and after the offense is committed, may be sufficient to support an inference Pearson participated in these offenses. *Id.* The "[g]uilt or innocence of a person charged with aiding and abetting must be determined upon facts which show [the person's] part in the crime and does not depend upon another's degree of guilt." *State v. Fetters,* 202 N.W.2d 84, 90 (Iowa 1972). If specific intent is an element of the crime charged, "a person may be convicted on a theory of aiding and abetting if the person participates either with the requisite intent ... or with the knowledge that the principal possess the required intent." *Lott,* 255 N.W.2d at 109. With these principals in mind we turn to the record to evaluate the merits of Pearson's claims.

We first consider Pearson's claim that the jury's multiple guilty verdicts are rationally inconsistent. If her convictions of going armed with intent and assault causing bodily injury are not inconsistent, her ineffective assistance of counsel claim fails. *See State v. Spurgeon,* 533 N.W.2d 218, 220 (Iowa 1995).

Multiple offenses which arise out of the same transaction and occurrence may be charged and prosecuted as separate counts of the same trial information. Iowa R.Crim.P. 6(1). Multiple verdicts as to separate counts are inconsistent if the factual and legal conclusions implicit in one verdict are rationally incompatible with those implicit in the jury's findings as to the other counts. *See* W.E. Shipley, Annotation, *Inconsistency of Criminal Verdict as Between Different Counts of Indictment or Information,* 18 A.L.R.3d 259 (1968); *see also State v. Spurgeon,* 533 N.W.2d 218, 220 (Iowa 1995); *State v. McKettrick,* 480 N.W.2d 52 (Iowa 1992); *Cf. State v. Delap,* 466 N.W.2d 264, 267 (Iowa 1990) (defendant could be found guilty of assault with intent to inflict serious injury and assault without intent to inflict serious injury where convictions arose from a series of assaults rather than a single incident).

Pearson argues that the jury, by finding the wooden stick was a dangerous weapon under Count III, implicitly determined

Harland, the principal, actually used it in such a way as to indicate Harland *intended to inflict serious injury*. This implicit finding, she argues, is rationally incompatible with the jury's implicit findings that the assaults charged in Counts I and II were committed *without the intent to commit serious injury*. The State argues that Harland's actual use of the wooden stick is relevant only to the dangerous weapon element of going armed with intent. According to the State, we need only consider whether there is substantial evidence indicating Pearson shared Harland's specific intent to use the object against another person or that she knew of his intent to do so (element No. 3 of instruction No. 26). There is, according to the State, no inconsistency because the State did not need to prove Pearson knew of or shared Harland's intent to use the object to inflict serious injury. We disagree.

Upon its election to charge Pearson as an aider and abettor the State assumed the burden to prove Pearson either shared the requisite specific intent or knew of Harland's mental state before or at the time the offense was committed. The dangerous weapon element of going armed with intent, under the circumstances of this case, required proof the wooden stick was used with the specific intent to inflict serious injury. We believe the State was required to prove Pearson knew of or shared Harland's specific intent at the time the object was used against Baughman and Cunningham. To hold otherwise would allow Pearson's conviction of going armed with intent without proof of the dangerous weapon element of that offense.

This determination confirms the inconsistency of the verdicts. Both of the assault charges and the going armed with intent charge are based on Harland's common acts, the assault of each of the victims. Although these assaults involve different victims, the common acts, necessarily, had to be committed with the required statutory intent. It is simply impossible for a defendant to have the specific intent necessary to satisfy the definition of dangerous weapon *and* use the weapon without intent to inflict serious injury if defendant's use of the weapon is charged as a separate assault.

The State also argues that inconsistent verdicts on multiple counts do not necessitate reversal. Such inconsistencies, if they result from the jury's exercise of its power of leniency, do not require reversal. *See Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *State v. Stump*, 254 Iowa 1181, 119 N.W.2d 210, 222 (1963). This appears to be the general rule applied in cases involving acquittal of a greater offense, and conviction of a lesser offense. *United States v. Powell*, 469 U.S. 57, 69 n. 8, 105 S.Ct. 471, 479 n. 8, 83 L.Ed.2d 461, 471 n. 8 (1984). The rule dispensing with the necessity of consistency does not necessarily apply where there are multiple convictions, without an acquittal, of mutually exclusive offenses. *Id.*

In this case, the inconsistency between the verdicts as to Count I (assault on Baughman) and Count III (going armed with intent) should be disregarded. This is so because Pearson was acquitted of willful injury and convicted of the lesser-included offense of assault causing bodily injury. The inconsistency between Counts II and III, however, cannot be disregarded because neither conviction followed acquittal of a greater offense charged in the same count.

Despite our determination these verdicts are inconsistent, we decline to reverse Pearson's convictions on these grounds. Pearson has failed to preserve error on this issue because it was not raised in the district court. *State v. Smith*, 228 N.W.2d 111, 112 (Iowa 1975). We will accordingly only consider the issue of inconsistent verdicts if the failure to raise the issue in district court resulted from ineffective assistance of counsel. *State v. Schoelerman*, 315 N.W.2d 67, 71–72 (Iowa 1982).

Generally, ineffective assistance of counsel claims are preserved for postconviction to allow trial counsel an opportunity to defend the charge. *State v. Mulder*, 313 N.W.2d 885, 890 (Iowa 1981); *State v. Nebinger*, 412 N.W.2d 180, 191–92 (Iowa App. 1987). We depart from this preference if the record on direct appeal is sufficient to evaluate the merits of a defendant's ineffective assistance of counsel claim. *Id.* If not, we

preserve the claim for postconviction proceedings so the facts may be developed. *State v. Koenighain,* 356 N.W.2d 237, 238 (Iowa App.1984). This also gives the allegedly-ineffective attorney the opportunity to explain his or her conduct. *State v. Coil,* 264 N.W.2d 293, 296 (Iowa 1978). We conclude there is an inadequate record for us to adjudicate Pearson's claim without counsel's explanation. We therefore preserve Pearson's ineffective assistance of counsel claim for postconviction proceedings.

## II. Sufficiency of the Evidence

 Pearson also challenges the sufficiency of the evidence supporting her conviction of aiding and abetting the assault on Matt Baughman. In reviewing the jury's verdict, we view the evidence in the light most favorable to the State. *State v. La-Pointe,* 418 N.W.2d 49, 51 (Iowa 1988). The court's finding of guilt is binding upon this court unless there is not substantial evidence in the record to support it or such finding is clearly against the weight of the evidence. *Id.* Direct and circumstantial evidence are equally probative so long as the evidence raises a fair inference of guilt and does more than create speculation, suspicion, or conjecture. Iowa R.App.P. 14(f)(16); *State v. Hamilton,* 309 N.W.2d 471, 479 (Iowa 1981). On our review, we find insufficient evidence to support the jury's guilty verdict as to the assault of Matt Baughman.

 To convict a defendant on the theory of aiding and abetting, the State must prove beyond a reasonable doubt the defendant assented to or lent countenance and approval to a criminal act either by active participation in it or by in some manner encouraging it prior to or at the time of its commission. *State v. Lewis,* 514 N.W.2d 63, 66 (Iowa 1994). The State must also prove the aider and abettor's participation or encouragement was done with the knowledge of the act. *State v. Jones,* 271 N.W.2d 761, 763 (Iowa 1978).

 We find insufficient evidence to support the jury's finding Pearson aided and abetted the assault on Baughman. While the State was able to show Pearson assented to and encouraged the assault on Cunningham, there is nothing in the record to indicate Pearson encouraged Harland's attack on Baughman. Although Pearson witnessed the assault, the State has not shown she in any way encouraged, participated, or even knew of Harland's general intent to assault Baughman. As stated earlier, this is not a case involving joint criminal conduct. Accordingly, Pearson cannot be held vicariously responsible for a second or resulting crime that is unplanned or not reasonably expected in furtherance of the originally intended offense. *State v. Satern,* 516 N.W.2d 839, 843 (Iowa 1994) (citing *State v. Irvin,* 334 N.W.2d 312, 314–15 (Iowa App.1983)). Because the principles of joint criminal conduct are not applicable in this case, and there is insufficient evidence of Pearson's encouragement, knowledge or participation in the unplanned assault on Baughman, we are compelled to reverse as to Count I. Pearson's presence at the scene of the crime is simply insufficient to prove she aided and abetted the assault. *See Lott,* 255 N.W.2d at 107. Accordingly, we reverse Pearson's conviction of aiding and abetting the assault on Matt Baughman.

In summary, we find the jury's guilty verdicts of going armed with intent and assault without intent to commit bodily injury are inconsistent. We, however, are unable to make any determination on Pearson's ineffective assistance of counsel claim without trial counsel's explanation. We, therefore, preserve Pearson's ineffective assistance of counsel claim for postconviction proceedings. We further find insufficient evidence to support the jury's guilty verdict as to assault of Matt Baughman. We affirm in part, reverse in part, and remand for further proceedings.

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**

SACKETT, P.J., concurs.

CADY, J., concurs in part and dissents in part.

CADY, Judge.

I respectfully dissent in part. I would hold the verdicts are not inconsistent and do not establish grounds for a claim of ineffective assistance of counsel. Therefore, it is unnecessary to preserve the claim for further consideration.

The majority holds the dangerous weapon element of the crime of going armed becomes a specific intent element when the dangerous weapon is derived from the catch-all portion of the statutory definition of any device or instrument "which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon the other and which, when so used, is capable of inflicting death upon a human being." *See* Iowa Code § 702.7 (1993). I do not believe this language establishes a specific intent element.

Under the statute, any device or instrument can be transformed into a dangerous weapon when "used" in a manner to "indicate" an intent to inflict death or serious injury. The word "indicate" means to suggest to the ordinary person. *See Ragin v. New York Times Co.,* 923 F.2d 995, 999 (2nd Cir.1991). Thus, the statute adopts an objective test, using the eyes of a reasonable observer, not the mind of the user. The legislature sought to establish a broad, flexible definition of dangerous weapon, not create a second specific intent element for specific intent crimes involving a dangerous weapon. Moreover, a defendant can use an instrument or device so as to place the other in fear that it has become an instrument of death or serious injury, but have no specific intent to inflict death or serious injury. The verdicts in this case, therefore, were not inconsistent.