STATE of Iowa, Plaintiff–Appellee,

v.

Jayson Randall SPEAKS, Defendant–Appellant.

No. 97–0013.

Court of Appeals of Iowa.

Jan. 28, 1998.

violated his due process rights by instructing the jury on felony murder; and (3) his counsel was ineffective for failing to object to the premeditated murder marshaling instruction. We affirm.

Speaks, along with three other defendants, decided to run away. Because they did not have any money and the Blazer they were driving was having trouble, the four decided to stop a passing car using the light bar on top of the Blazer. The bar contained four yellow lights used by Blake Privitt's father in his duties as a mail carrier. After Privitt made a few unsuccessful attempts to make a stop, Speaks took over as the driver. Speaks was able to get Hauser to stop, ultimately leading to her death. The State produced evidence that Speaks:

A. Brought the .22 rifle used to shoot Hauser.

B. Loaded it so it could be test fired.

C. Reloaded the rifle so it could be used in the planned stop—a process that took a substantial amount of time due to a malfunction in the gun.

D. Helped conceive the plan to replace the Blazer.

E. Handled the knife used to stab Hauser.

F. Took over the driving when Privitt was unable to get a car to stop.

G. Impersonated a police officer.

H. Told Burt Smith, a co-defendant, to "shoot the bitch."

I. Drove the Blazer as the get-away car after the murder had been committed.

J. Helped procure the water to wash the blood off Burt's hands.

K. Lied about his involvement in the crime during his first interview.

■ I. SUFFICIENCY OF THE EVIDENCE. Speaks claims the State did not provide sufficient evidence to prove he was guilty of first-degree murder as an aider and abettor. We review challenges to the sufficiency of evidence for errors at law. Iowa R.App. P. 4; *State v. Kraklio,* 560 N.W.2d 16, 17 (Iowa 1997). In evaluating such a claim, we view the evidence in a light most favorable to upholding the jury's verdict. *Krak-*

Michael R. Stowers of Babich, McConnell & Renzo, P.C., Des Moines, for defendant–appellant.

Thomas J. Miller, Attorney General, and Mary Tabor and Thomas H. Miller, Assistant Attorneys General, for plaintiff–appellee.

Heard by HUITINK, P.J., and VOGEL and MAHAN, JJ.

MAHAN, Judge.

Defendant Jayson Speaks appeals his conviction of first-degree murder for the killing of Rebecca Hauser. He claims: (1) the trial court erred in refusing to grant his motion for judgment of acquittal; (2) the trial court

*lio,* 560 N.W.2d at 17. We give the State all reasonable inferences and presumptions the evidence will bear. *State v. Liggins,* 557 N.W.2d 263, 269 (Iowa 1996). The verdict is binding on us unless the record contains no substantial evidence to support it. *Kraklio,* 560 N.W.2d at 17. Evidence is substantial if it could convince a rational trier of fact that the accused is guilty beyond a reasonable doubt. *Id.* Direct and circumstantial evidence are equally probative. Iowa R.App. P. 14(f)(16). A jury is free to believe or disbelieve any testimony it chooses and to give as much weight to the evidence as, in its judgment, such evidence should receive. *Liggins,* 557 N.W.2d at 269. Additionally, discrepancies in testimony, in and of themselves, do not preclude proof beyond a reasonable doubt. *See generally State v. Phanhsouvanh,* 494 N.W.2d 219, 223 (Iowa 1992) (jury could adopt evidence it found credible); *State v. Forsyth,* 547 N.W.2d 833, 836 (Iowa App. 1996) (jury's function is to determine credibility and resolve conflicts in evidence). A jury's assessment of credibility may only be ignored on appeal when the testimony is so impossible, absurd, and self-contradictory that it may be deemed a nullity. *See State v. Smith,* 508 N.W.2d 101, 103 (Iowa App.1993).

■ **A. Aiding and Abetting.** To convict a defendant on the theory of aiding and abetting, the State must prove beyond a reasonable doubt the defendant assented to or lent countenance and approval to a criminal act either by active participation in it or by in some manner encouraging it prior to or at the time of its commission. *State v. Pearson,* 547 N.W.2d 236, 242 (Iowa App.1996). The State must also prove the aider and abettor's participation or encouragement was done with the knowledge of the act. *Id.* The guilt or innocence of a person charged with aiding and abetting must be determined upon facts which show the person's part in the crime and does not depend upon another's degree of guilt. *Id.* at 240. If specific intent is an element of the crime charged, a person may be convicted on a theory of aiding and abetting if the person participates either with the requisite intent or with the knowledge that the principal possesses the required intent. *Id.*

■ We find the State provided substantial and sufficient evidence against Speaks to allow the jury to determine Speaks was guilty of aiding and abetting first-degree murder. The gun used to shoot Hauser belonged to Speaks and he loaded it. He was the person who drove the Blazer when the four defendants stopped Hauser. He initially approached the car. The jury heard testimony that Speaks told Burt Smith to "shoot the bitch." The medical examiner testified the shot skimmed Hauser's brain and probably stunned her, reducing her ability to flee. Obviously, this contributed to the stabbing by causing Hauser to remain at the scene. Speaks' counsel concedes the jury could have rationally chosen to believe all of this.

Speaks argues he should not be guilty of aiding and abetting because, at worst, he took part only in the shooting and Hauser did not die as a result of the shooting. He argues there is no causal link to connect him to the death because Burt Smith went into a "stabbing frenzy." He argues this stabbing was completely unplanned and should absolve him of any responsibility. This argument ignores the fact he aided and abetted Burt Smith by encouraging him to shoot Hauser. By doing this, he showed an intent that Hauser be killed; and when Smith acted, he also had the intent that she die. Though the manner in which the four ultimately killed Hauser was not as originally planned, they did have the intent to kill her.

■ **B. Joint Criminal Conduct.** Under the Iowa Code, joint criminal actors are held mutually accountable for their foreseeable criminal acts. Iowa Code § 703.2 (1995); *State v. Satern,* 516 N.W.2d 839, 844 (Iowa 1994).

When two or more persons, acting in concert knowingly participate in a public offense, each is responsible for the acts of the other done in furtherance of the commission of the offense or escape therefrom, and each person's guilt will be the same as that of the person so acting, unless the act was one which the person could not reasonably expect to be done in the furtherance of the commission of the offense.

Iowa Code § 703.2. The elements for imposing joint criminal liability are:

1. Defendant must be acting in concert with another.
2. Defendant must knowingly be participating in a public offense.
3. A "different crime" must knowingly be committed by another participant in furtherance of defendant's offense.
4. The commission of the different crime must be reasonably foreseen.

*State v. Hohle,* 510 N.W.2d 847, 848 (Iowa 1994).

■ Speaks knowingly participated in the robbery by driving the Blazer and chasing down Hauser. The jury heard testimony all four defendants knew about the gun which belonged to Speaks. All four knew it was loaded and it would be used to threaten the person they stopped. Under this theory, if the jury believed Speaks did not know a murder would occur, the killing is the different crime. The stabbing and shooting occurred because Hauser did not cooperate with her attackers. This was in furtherance of the robbery, the offense in which Speaks knowingly participated. A murder is a reasonably foreseeable crime when using a gun to threaten robbery victims. The defendants actually used the gun, and when that was insufficient to carry out the plan, Burt Smith stabbed Hauser to death. We find these facts are sufficient to support the jury's verdict under the theory of joint criminal conduct.

**II. FELONY MURDER.** Speaks argues the jury instruction on felony murder violated his due process rights because it eliminated the requirement that the State show Speaks willfully, deliberately, and with premeditation killed Hauser and ignored the concept of determination of guilt on the basis of individual misconduct. He does not challenge a finding of guilt under the theory of felony murder for any other reason. Speaks cites a string of cases affirming the doctrine and asks us to overturn them based on the lone dissent written by Justice Carter in *State v. Phams,* 342 N.W.2d 792, 799 (Iowa 1983). The State argues, notwithstanding the evidence supporting the claims of aiding and abetting or joint criminal conduct, the

felony murder charge is an independent ground to uphold the jury's verdict against Speaks. We find Speaks' argument to be without merit and choose not to overturn this well-established doctrine.

■ **III. INEFFECTIVE ASSISTANCE.** Speaks contends his trial counsel was ineffective for failing to object to the first-degree murder instruction. Speaks contends the instruction allowed the jury to find he aided in the shooting and not the stabbing, but Hauser died as a result of only the stabbings. He believes the uses of the word "or" in the instruction allows the jury to find he did not participate in the cause of death yet still find him guilty of first-degree murder.

■ The defendant bears the burden of demonstrating ineffective assistance of counsel. *State v. Morgan,* 559 N.W.2d 603, 612 (Iowa 1997); *Dunbar v. State,* 515 N.W.2d 12, 15 (Iowa 1994); *State v. Kone,* 557 N.W.2d 97, 102 (Iowa App.1996). "A defendant receives ineffective assistance of counsel when (1) the defense attorney fails in an essential duty and (2) prejudice results." *State v. Bugely,* 562 N.W.2d 173, 178 (Iowa 1997); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). To prove counsel failed in an essential duty, the defendant must prove the attorney's performance was outside the range of normal competency. *Kone,* 557 N.W.2d at 102. The court will generally presume counsel is competent, and we will not second guess a reasonable trial strategy. *State v. Wissing,* 528 N.W.2d 561, 564 (Iowa 1995).

[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered trial strategy."

*Id.* (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–95). "The benchmark for judging any claim for ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process the trial cannot be relied

on as having produced a just result." *Kone,* 557 N.W.2d at 102. It is not enough to simply claim counsel should have done a better job. *Dunbar,* 515 N.W.2d at 15. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation would have changed the outcome. *Id.*

The test for prejudice is whether counsel's failure worked to Speaks' actual and substantial disadvantage so a reasonable possibility exists that but for the trial attorney's unprofessional errors, the resulting conviction would have been different. *State v. Johnson,* 534 N.W.2d 118, 128 (Iowa App.1995). "A reasonable probability is one sufficient to undermine confidence in the outcome." *Kone,* 557 N.W.2d at 102.

We may examine the prejudice element prior to determining whether counsel's performance is deficient. *Wissing,* 528 N.W.2d at 564. We find there is no reasonable possibility the resulting conviction would have been different had trial counsel objected to the instruction. The evidence against Speaks was extremely overwhelming. As discussed above, we find the State presented substantial evidence Speaks did aid and abet in both the shooting and stabbing of Hauser such that it would not matter which wounds killed her.

We have carefully considered each of Speaks' claims and have found them to be without merit. For the reasons discussed in this opinion, we affirm the jury's verdict and the rulings of the trial court.

**AFFIRMED.**