# IN THE COURT OF APPEALS OF IOWA

No. 14-1091
Filed May 20, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRIAN MICHAEL CASE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Carla T. Schemmel, Judge.

        Defendant appeals his convictions, based upon his *Alford* pleas, for going armed with intent and dominion or control of a firearm by a felon.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, John P. Sarcone, County Attorney, and Justin G. Allen and Shannon Archer, Assistant County Attorneys, for appellee.

        Considered by Danilson, C.J., Doyle, J., and Sackett, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SACKETT, S.J.**

Defendant Brian Case appeals his convictions, based upon his *Alford*[1] pleas, for going armed with intent and dominion or control of a firearm by a felon. Case has not shown he received ineffective assistance on the ground defense counsel permitted him to enter the pleas without a sufficient factual basis in the record. There was a factual basis for Case's pleas. We affirm his convictions.

## I. Background Facts & Proceedings

On June 26, 2013, Kris Wilder, an animal control officer with the Animal Rescue League, went to a home in Des Moines to investigate a report of a dog bite by a pit bull. The minutes of evidence state:

> Just as Mr. Wilder was about to take custody of the dog he saw the defendant [Case] come running out of the home carrying a very large machete knife above his head and waving it in a threatening manner. The defendant chased at Mr. Wilder who was placed in fear and forced to retreat to his truck. The defendant did not stop chasing Mr. Wilder until he was inside the truck. At that time Mr. Wilder called the police.

Officers found Case, the pit bull, and the machete, which had a 1.5 foot serrated blade, inside the home. Case was charged with going armed with intent, in violation of Iowa Code section 708.8 (2013).

On October 28, 2013, a vehicle driven by Case was stopped by officers because it did not have license plates. The officers observed Case reach into his waistband, as if to conceal something. Officers found a digital scale in Case's pocket. According to the minutes of evidence, the officers found a handgun in a

---

[1] Under the holding in *North Carolina v. Alford*, 400 U.S. 25, 35-36 (1970), a defendant may waive the right to trial and authorize the court to treat him as if he were guilty, but not expressly admit guilt.

black duffel bag on the front passenger seat. Next to the firearm the officers found a small plastic baggie containing .22 caliber bullets. Case was charged with dominion or control of a firearm by a felon, in violation of section 724.26(1).

Case entered *Alford* pleas to going armed with intent and dominion or control of a firearm by a felon. The court found a factual basis for the charges based upon the minutes of evidence. The court accepted the pleas. Case was sentenced to a term of imprisonment not to exceed five years on each charge, to be served concurrently. He now appeals, claiming he received ineffective assistance of counsel during the plea proceedings.[2]

## II. Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III. Ineffective Assistance

Case contends he received ineffective assistance because defense counsel permitted him to enter *Alford* pleas to going armed with intent and dominion or control of a firearm by a felon when there was not a sufficient factual

---

[2] During the same plea proceedings, Case pled guilty to possession of methamphetamine with intent to deliver and possession of marijuana, third offense. He does not appeal these convictions.

basis in the record to support his pleas. "It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis." *State v. Finney*, 834 N.W.2d 46, 54 (Iowa 2013). The court should not accept a guilty plea unless there is a factual basis for the plea, including *Alford* pleas. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

"On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined." *Finney*, 834 N.W.2d at 62. We consider whether there is an objective factual basis in the entire record available to the court when it accepted the plea. *State v. Sutton*, 853 N.W.2d 284, 286 (Iowa Ct. App. 2014). We may consider (1) the prosecutor's statements, (2) the defendant's statements, (3) the minutes of evidence, and (4) the presentence report, if it was available at the time of the plea. *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). Furthermore, we may take judicial notice of well-known facts. *Id.*

"Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *Finney*, 834 N.W.2d at 62. "[T]he record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). The court "must only be satisfied that the facts support the crime, 'not necessarily that the defendant is guilty.'" *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001) (citation omitted).

**A.** Case first contends there was not a sufficient factual basis for his plea to dominion or control of a firearm by a felon. He asserts the record does not support a finding he exercised dominion or control over the firearm. He points out the vehicle he was driving did not belong to him and states there was insufficient evidence linking him to the duffel bag that contained the firearm.

Case was charged with violating section 724.26(1), which provides: "A person who is convicted of a felony in a state or federal court . . . and who knowingly has under the person's dominion and control or possession, receives, or transports or causes to be transported a firearm or offensive weapon is guilty of a class 'D' felony." The statute requires knowing dominion and control, possession, or receipt or transportation of a firearm. *State v. Olsen*, 848 N.W.2d 363, 373 (Iowa 2014).

The element of "dominion and control" may be shown by constructive or actual possession. *State v. Turner*, 630 N.W.2d 601, 609 (Iowa 2001). "Constructive possession exists when, although the contraband is not on one's person, he or she controls the contraband or has the right to control it." *Id.* "[T]he doctrine of constructive possession allows the defendant's possession of contraband to be inferred based on the location of the contraband and other circumstances." *State v. Thomas*, 847 N.W.2d 438, 443 (Iowa 2014).

The minutes of evidence show officers stopped a white Chevrolet Monte Carlo driven by Case. There were no passengers in the vehicle. A black duffel bag was found in the front passenger seat of the vehicle. Inside the duffel bag was a handgun and a plastic baggie containing five .22 caliber bullets. The

firearm inside the black duffel bag in the front passenger seat would have been easily accessible to Case, who was driving the vehicle. *See State v. Maxwell*, 743 N.W.2d 185, 194 (Iowa 2008) (noting defendant was the only person in the vehicle and illegal drugs were found immediately next to him).

Constructive possession, however, may not be based on proximity alone. *State v. Cashen*, 666 N.W.2d 566, 672 (Iowa 2003). Additional evidence linking Case to the firearm is the fact officers found a digital scale in Case's right pocket. Digital scales are associated with drug dealing. *See State v. Randle*, 555 N.W.2d 666, 672 (Iowa 1996) (noting defendant had items associated with drug sales, including a digital scale). Firearms are also associated with drug dealing. *See In re Matter of Rush*, 448 N.W.2d 472, 478 (Iowa 1989) (noting the evidence supported a finding a gun was an instrumentality of illegal drug trafficking).

It is not necessary that there be evidence to show Case had dominion and control of the firearm beyond a reasonable doubt. *See Finney*, 834 N.W.2d at 62. It is sufficient if the facts support the crime. *Keene*, 630 N.W.2d at 581. We conclude there is sufficient factual support for Case's plea in the minutes of evidence. We determine Case has not shown he received ineffective assistance because defense counsel permitted him to enter an *Alford* plea to dominion or control of a firearm by a felon.

**B.** Case also claims he received ineffective assistance because defense counsel permitted him to enter an *Alford* plea to going armed with intent when there was not a sufficient factual basis for that plea. Section 708.8 provides: "A person who goes armed with any dangerous weapon with the intent

to use without justification such weapon against the person of another commits a class 'D' felony." Case asserts there is an insufficient factual basis to show he intended to use a dangerous weapon against another person. He contends there is no factual basis to show he intended to use the machete to cut or slash Wilder.

A machete is a dangerous weapon. *State v. Franklin*, 368 N.W.2d 716, 719 (Iowa 1985). When a firearm is involved, the "intent to use" element of section 708.8 means the intent to shoot another person, not merely frighten or harass the person. *State v. Slayton*, 417 N.W.2d 432, 434 (Iowa 1987). There must be proof the defendant was armed with the dangerous weapon and had the specific intent to inflict serious injury. *State v. Pearson*, 547 N.W.2d 236, 241 (Iowa Ct. App. 1996). This intent "must be present at the time the accused arms himself and goes forth to harm another." *State v. Matlock*, 715 N.W.2d 1, 6 (Iowa 2006). Specific intent is seldom capable of direct proof and may be shown by circumstantial evidence. *State v. Walker*, 574 N.W.2d 280, 289 (Iowa 1998).

Case's specific intent to harm Wilder with a dangerous weapon, a machete, may be inferred from Case's actions. The minutes of evidence show Case ran towards Wilder, an animal control officer with the Animal Rescue League, carrying a machete over his head and waving it at Wilder in a threatening manner. The machete was two feet long and had a 1.5 foot serrated blade. Case chased Wilder, who was forced to retreat to his truck. Case did not stop chasing Wilder until Wilder was safely inside the truck. Wilder was placed in fear by Case's actions.

We determine there is a sufficient factual basis for Case's *Alford* plea to going armed with intent found in the minutes of evidence. Again, there is no requirement to show Case was guilty beyond a reasonable doubt. *See Finney*, 834 N.W.2d at 62. It is sufficient if the facts support the crime. *Keene*, 630 N.W.2d at 581. We conclude Case has not shown he received ineffective assistance because defense counsel permitted him to enter an *Alford* plea to going armed with intent, as there is an adequate factual basis for the plea found in the minutes of evidence.

We affirm Case's convictions.

**AFFIRMED.**