# IN THE COURT OF APPEALS OF IOWA

No. 14-1941
Filed March 23, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**HARLEY SHUCK,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Fayette County, Joel A. Dalrymple, Judge.


　　　　Harley Shuck appeals from his conviction for attempted burglary in the second degree. **AFFIRMED.**


　　　　Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


　　　　Considered by Danilson, C.J., Potterfield, J., and Goodhue, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Harley Shuck appeals after being convicted by jury for the offenses of robbery in the second degree, attempted burglary in the second degree, and possession of a controlled substance. He only challenges the sufficiency of the evidence to support his conviction for attempted robbery. We affirm.

## I. Background Facts and Circumstances

Shuck and his sister, Mandi, were living with their parents in Oelwein, Iowa, as of July 21-22, 2013. Acquaintances Jeremy Conerd and Megan Owens also resided in Oelwein. On the night of July 21, Jeremy arranged for Mandi to provide Jeremy and Megan a ride out of town. On the completion of their trip they returned to Oelwein, where they heard a noise in their house, and Megan went to investigate. They discovered an intruder was still in the home, but as Jeremy approached, he saw someone exit the back door in a dead run. Jeremy pursued the intruder, and as he was about to tackle him, the intruder spun around and pointed a handgun in his face. The handgun was pointed between Jeremy's eyes and was only about a foot away from him. There was a streetlight at the point of confrontation, and Jeremy recognized the intruder as Shuck. The intruder backed towards an awaiting car, tucked his gun into his waist band, entered the car, and drove away. Jeremy recognized the car as one owned by Shuck and Mandi's mother. Mandi testified that Megan had entered the house before the intruder had exited, but both Megan and Jeremy stated that neither had entered before the intruder had left.

After the confrontation Jeremy ran back to the house, where Mandi was waiting in the driveway. When Jeremy entered the house, he discovered that the

clasp used to padlock the east door of the house had been broken. He also noted valuables gathered from different locations within the house were deposited on the kitchen floor. Shuck had been a guest at Jeremy and Megan's house on several occasions and, because of telephonic communications with Mandi, had been informed that Jeremy and Megan were going to be absent from their home for a period of time on the night in question.

Jeremy called the Oelwein Police Department, and they came to his home. Jeremy and Megan advised the police what had happened and explained that Shuck was the intruder. Immediately, the police went to Shuck's home. Shuck was patted down, and among other things, the police recovered a $CO_2$ pellet gun, a flashlight, a flashlight worn on a headband, two pocket knives, two small screwdrivers, a pair of wire cutters, and a vial of methamphetamine. Shuck was arrested. Subsequently, a trial information was filed charging Shuck with robbery in the first degree, burglary in the second degree, and possession of a controlled substance.

Shuck was tried to a jury beginning August 27, 2014. At the trial, a firearms instructor testified that Shuck's pellet gun, fired at a range of ten yards, had the capacity to penetrate human flesh up to four inches and had the capacity to kill a human being. The jury returned verdicts of guilty to the lesser-included offenses of robbery in the second degree, attempted burglary in the second degree, and possession of a controlled substance. Shuck has appealed, contending there was insufficient evidence to establish he was guilty of attempted burglary in the second degree.

## II. Preservation of Error

The State concedes that Shuck's motion for acquittal preserved his claim of insufficient evidence.

## III. Scope and Standard of Review

Sufficiency-of-the-evidence issues are reviewed for errors of law. *State v. Hagedorn*, 679 N.W.2d 666, 668 (Iowa 2004). If the verdict is supported by substantial evidence, a finding of guilt will be upheld. *Id.* Substantial evidence is evidence upon which a rational trier of fact could find a defendant guilty beyond a reasonable doubt. *Id.* at 668-69. Evidence that detracts from the verdict as well as supporting evidence is considered, but the evidence is reviewed in the light most favorable to the State. *Id.* at 669.

## IV. Discussion

Shuck was charged with first-degree robbery but found guilty of the lesser-included offense of second-degree robbery. Shuck contends under the facts of this case, the only possible missing element reducing first-degree robbery to second-degree robbery was the jury's failure to find he was armed with a dangerous weapon. *See* Iowa Code §§ 711.2, .3 (2013). Shuck then contends it necessarily follows the jury found the $CO_2$ pellet was not a dangerous weapon.

The jury also found Shuck guilty of attempted burglary in the second degree. In order to do so, they had to have found that Shuck was armed with a dangerous weapon or, alternatively, one or more persons were present in the house that was burglarized. *See* Iowa Code § 713.6(1)(a), (b). He argues that since the jury had already necessarily found no dangerous weapon was involved in returning the second-degree robbery charge, as opposed to first-degree

robbery, the jury would have had to have found one or more persons were in the burglarized house when he was present. He then contends the evidence was insufficient to make such a finding.

It is not necessary to examine the sufficiency of the evidence to establish either Jeremy or Megan was in their home when the intruder was present. The jury's verdict may on its face be inconsistent, but the conviction of robbery in the second degree is a lesser-included offense of robbery in the first degree. A jury's finding of a lesser-included offense is considered to be the possible result of a jury's exercise of its power of leniency and need not be reversed even though it is inconsistent with the jury's verdict on other counts included within the trial information of a multiple count indictment. *Dunn v. United States*, 284 U.S. 390, 393-94 (1932); *see also State v. Pearson*, 547 N.W.2d 236, 241 (Iowa Ct. App. 1996). A jury has the right to express leniency by convicting a defendant of a lesser-included offense even though the facts may clearly support the greater charge. *State v. Stump*, 119 N.W.2d 210, 222 (Iowa 1963).

Shuck was tried under a multiple count trial information; therefore, the apparent inconsistency of the verdict is not a basis for reversal. There was adequate evidence to establish that the $CO_2$ pellet gun was in fact a dangerous weapon.

**AFFIRMED.**