# IN THE COURT OF APPEALS OF IOWA

No. 23-1988
Filed February 19, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CANDELARIO LEON,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Muscatine County, Henry W. Latham II, Judge.


Candelario Leon appeals his conviction for lascivious acts with a child. **AFFIRMED.**


Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.


Considered by Schumacher, P.J., Ahlers, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**DOYLE, Senior Judge.**

Candelario Leon was charged with two counts of lascivious acts with a child. The jury found him guilty on Count 2 and not guilty on Count 1. Leon appeals claiming the verdicts are factually inconsistent. He asks us to enter an order of not guilty on Count 2 or order a new trial. Finding no inconsistency between the verdicts, we affirm.

Leon was accused of committing multiple lascivious acts against his stepdaughter. The first series of acts occurred in the family's home in West Liberty between August 2017 and July 2018—Count 2. Leon was living in the home at the time. The child, then a fourth grader, described at trial how Leon fondled her vagina on seven to eight occasions. The second series of acts occurred in the family's apartment in Muscatine between August 2018 and March 2020—Count 1. Leon was not living in the home at the time but would spend the night on occasion. The child testified Leon did "the same thing" to her "multiple times." The last act occurred when the child was in sixth grade. She was fifteen years old at trial.

The jury found Leon guilty on Count 2 and not guilty on Count 1. Leon filed a motion for new trial and in arrest of judgment. He argued the evidence was insufficient to sustain the verdict, the verdict was contrary to the law or weight of the evidence, and the verdicts were inherently inconsistent. The court denied the motion.

Leon appeals arguing "the jury delivered what can only be described as factually inconsistent verdicts." He distinguishes this situation from legally inconsistent verdicts. *See State v. Halstead*, 791 N.W.2d 805, 807 (Iowa 2010). He agrees there is nothing inherently illegal about convicting Leon on one count

and not the other. He claims "[t]he issue is that the jury's determination regarding [the child's] credibility is self-contradictory."

The State argues Leon failed to preserve error on his inconsistent-verdict claim because he did not raise it before the jury was discharged. A panel of our court recently addressed error preservation in this context at length:

> In *Halstead*, the State conceded error was preserved on a compound-inconsistent-verdicts claim presented by motion for new trial. 791 N.W.2d at 807 n.1. Since then, our appellate courts have avoided decisively resolving how error should be preserved on inconsistent-verdicts claims when the State contests the issue. *See, e.g.*, *State v. Thiel*, No. 22-1293, 2024 WL 111774, at *8 (Iowa Ct. App. Jan. 10, 2024) (describing this "murky issue" and noting "we've avoided deciding" it); *State v. LuCore*, 989 N.W.2d 209, 219 (Iowa Ct. App. 2023) ("Sidestepping the serious error-preservation concern . . . ."); [*State v.*] *Sassman*, [No. 21-0434], 2022 WL 4361785, at *2 [Iowa Ct. App. Sept. 21, 2022] ("[W]e opt to bypass the error-preservation issue."); *State v. Doorenbos*, No. 19-1257, 2020 WL 3264408, at *3 (Iowa Ct. App. June 17, 2020) (noting the concession in *Halstead* and "opting to reach the merits"); *State v. Scholtes*, No. 16-1967, 2017 WL 3525296, at *1 (Iowa Ct. App. Aug. 16, 2017) (recognizing the error-preservation issue and citing a civil case to address the merits notwithstanding). . . .
>
> The core of the State's argument is that we should require error preservation when corrective action may still be taken. *See* [*State v.*] *Krogmann*, 804 N.W.2d [518, 524 (Iowa 2011)] ("[O]ur regular error preservation rules also require parties to alert the district court 'to an issue at a time when corrective action can be taken.'" (citation omitted)). The rules of criminal procedure, which authorize the district court to "direct the jury to reconsider" an inconsistent verdict lend support to this view. Iowa R. Crim P. 2.22(6). The State highlights this need for timely corrective action is "doubly important" in criminal cases after *Halstead*, where our supreme court held that inconsistent split verdicts required acquittal on both charges without possibility of retrial given double jeopardy. 791 N.W.2d at 816–17. To conclude otherwise, the State urges, motivates defendants to gamble on their own convictions—avoiding the possibility a jury reconsiders its verdicts and convicts on a greater charge while keeping an ace up the defendant's sleeve in the form of appellate review after jeopardy has attached and retrial on the greater charge may be thwarted.
>
> . . . .

. . . We hold that, to pursue an inconsistent-verdicts claim on appeal, a criminal defendant must timely raise the objection before the district court discharges the jury, such that the jury is able to reconsider the verdict as contemplated by Iowa Rule of Criminal Procedure 2.22(6) or the trial court may grant a new trial before jeopardy precludes it. *See State v. Mumford*, 338 N.W.2d 366, 371 (Iowa 1983) (approving of these two options).

*State v. Totaye*, No. 22-1169, 2024 WL 3518074, at *9–10 (Iowa Ct. App. July 24, 2024) (footnote omitted) (further review denied Aug. 14, 2024); *see also State v. Spurgeon*, No. 23-0395, 2024 WL 3887359, at *4–5 (Iowa Ct. App. Aug. 21, 2024) (further review denied Oct. 30, 2024).

"Going forward, we require defendants to preserve error on their inconsistent-verdict claims." *Spurgeon*, 2024 WL 3887359, at *5; *see Totave*, 2024 WL 3518074, at *10. Like the panels in *Totaye* and *Spurgeon* observed, we recognize that applying this error-preservation rule to Leon, whose trial took place in 2023, would be a surprise based on our previous rulings in our unpublished cases. *Id.*[1] So, we proceed to the merits of Leon's claim.

The heart of Leon's argument seems to be that the jury's determination of the child's credibility is "self-contradictory" because "the jury acquitted on the charge with stronger evidence to support them and convicted on the charge with weaker evidence." In sum, the jury "effectively found the statements of [the child]

---

[1] Although we note that at least one of our earlier published opinions found a failure to preserve error under similar circumstances. "Despite our determination these verdicts are inconsistent, we decline to reverse Pearson's convictions on these grounds. Pearson has failed to preserve error on this issue because it was not raised in the district court." *State v. Pearson*, 547 N.W.2d 236, 241 (Iowa Ct. App. 1996). Whether error was preserved or not, we may choose to pass on serious preservation-of-error problems and consider the merits of Leon's claim. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

to be both credible and incredible at the same time." His argument is fatally flawed in at least two aspects.

First, Leon failed to support his argument with any authority. "When a party, in an appellate brief, fails to state, argue, or cite to authority in support of an issue, the issue may be deemed waived." *State v. Adney*, 639 N.W.2d 246, 250 (Iowa Ct. App. 2001); *accord* Iowa R. App. P 6.903(2)(a)(8)(3) (stating the argument section must include "[a]n argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record . . . [and f]ailure to cite authority in support of an issue may be deemed waiver of that issue"). We will not accept the task of undertaking Leon's research and advocacy. *See Ronnfeldt v. Shelby Cnty. Chris A. Myrtue Mem'l Hosp.*, 984 N.W.2d 418, 421 (Iowa 2023); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Second, Leon fails to consider that juries are free to weigh the credibility of witnesses and believe some, all, or none of a witness's testimony. *See State v. Dudley*, 856 N.W.2d 668, 677 (Iowa 2014) ("In our system of justice, it is the jury's function to determine the credibility of a witness."). And the jury was properly instructed:

> Decide the facts from the evidence. Consider the evidence using your observations, common sense and experience. Try to reconcile any conflicts in the evidence; but if you cannot, accept the evidence you find more believable. In determining the facts, you may have to decide what testimony you believe. *You may believe all, part or none of any witness's testimony.*

(Emphasis added). Thus, the jury was free to believe the child regarding the Count 2 allegations, and free to not believe the child regarding the Count 1 allegations—or find the State failed to prove beyond a reasonable doubt the Count 1 allegations. Here we have multiple counts and multiple acts. The allegations of each count covered different times and different places. So, we do not find the verdicts were so logically and legally inconsistent as to be irreconcilable within the context of the case.

In so far as Leon argues sufficiency of the evidence,[2] complaining the child was the only witness to name him as the perpetrator and the only witness to describe the criminal acts, we note that a child victim's testimony may by itself be sufficient to constitute substantial evidence of defendant's guilt. *See State v. Hildreth,* 582 N.W.2d 167, 170 (Iowa 1998). Furthermore, corroboration of a victim's testimony is not required. Iowa R. Crim. P. 2.21(3); *State v. Kraai*, 969 N.W.2d 487, 491 (Iowa 2022). And we find the evidence sufficient here.

Finding Leon's arguments without merit, we affirm his conviction and sentence.

**AFFIRMED.**

---

[2] Again we note he has supported his argument with no authority.