# IN THE COURT OF APPEALS OF IOWA

No. 3-1234 / 12-1724
Filed February 19, 2014

**WILLIAM G. RUMLEY JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

Applicant appeals the district court's decision denying his request for postconviction relief from his convictions for delivery of crack cocaine and possession of crack cocaine with intent to deliver. **AFFIRMED.**

Steven J. Drahozal of Drahozal Law Office, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Anthony Leon, Legal Intern, Michael J. Walton, County Attorney, and Jerry Feuerbach, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., McDonald, J., and Miller, S.J.* Tabor, J., takes no part.

*Senior Judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

William Rumley sought postconviction relief from his convictions for delivery of a controlled substance (cocaine base) and possession of a controlled substance (cocaine base) with intent to deliver. The district court denied his request for postconviction relief. On appeal, Rumley claims he received ineffective assistance because his postconviction counsel did not raise the issue of whether his trial and appellate counsel should have argued that his decision to testify at his criminal trial was not knowing and voluntary. We determine he has not shown he received ineffective assistance counsel and affirm the decision of the district court.

## I.    Background Facts & Proceedings

On November 14, 2003, undercover officers in Davenport, Iowa, told Willie Butler they wanted to purchase crack cocaine. Butler walked to a nearby home and made contact with William Rumley. Rumley spit something out of his mouth into Butler's hand. Butler walked over to the officer's vehicle and gave them two individually packaged rocks of crack cocaine. The officers gave Butler cash, which he gave Rumley. When Butler left Rumley's home he was arrested. Rumley came out of his home, and he was also arrested. Officers found four individually packaged rocks of crack cocaine in Rumley's mouth and $151 in cash on his person. The transactions between Butler and Rumley were observed by officers and captured on videotape.

Rumley was charged with delivery of a controlled substance (cocaine base), in violation of Iowa Code section 124.401(1)(c) (2003), and possession of

a controlled substance (cocaine base) with intent to deliver, in violation of section 124.401(1)(c). The State also alleged Rumley was an habitual offender.

The case proceeded to a jury trial. After the State presented its case, the court told defense counsel that while the court was in recess over a lunch break he should discuss with Rumley whether he was going to testify or not. When court resumed, defense counsel stated, "In discussing this with my client, he has told me just now that he believes he will testify in this case." The court noted Rumley could be questioned about any prior felony conviction.

Rumley testified in his own defense. He stated that what he gave Butler was soap. He testified he and his girlfriend used crack cocaine and the drugs in his possession were for their personal use. He also stated he kept the four rocks of crack cocaine in his mouth because he did not want his girlfriend to have access to them. The jury found Rumley guilty of delivery of crack cocaine and possession of crack cocaine with intent to deliver. He was sentenced as an habitual offender to forty-five years on each count, to be served concurrently.

Rumley appealed his convictions, claiming he received ineffective assistance because his defense counsel did not object on the ground the evidence of his prior felony convictions should have been excluded as more prejudicial than probative. *See State v. Rumley*, No. 04-0568, 2005 WL 427595, at *1 (Iowa Ct. App. Feb. 24, 2005). We stated, "As the State presented a virtually airtight case and Rumley presented an implausible defense, we conclude there is no reasonable probability of a different outcome had defense counsel raised and prevailed on an objection to the evidence of Rumley's prior

drug conviction." *Id.* at *2. We determined Rumley had not shown he was prejudiced by counsel's performance and rejected his claim of ineffective assistance of counsel. *Id.* We affirmed Rumley's convictions. *Id.* Procedendo was issued on May 17, 2005.

Rumley filed an application for postconviction relief on May 21, 2008.[1] The case proceeded to a postconviction hearing. Defense counsel stated it was Rumley's choice to testify. He also stated:

> The most unusual thing that happened was that Mr. Rumley and I had discussed his testifying, and I was under the impression that he was not going to testify. Sort of at the last minute he said, I want to take the stand. Put me on the stand. When I asked him what he was going to say, he said, Don't worry about it. I'll say what I'm gonna say. You don't need to know, so basically he wanted to testify, which is his right, and I put him on the stand not knowing for sure what he was going to say.

Rumley testified as follows at the postconviction hearing:

> Q. Now, you testified at your trial. Is that right? A. Yes, I did.
> Q. And that was your choice to testify. Is that correct? A. Yes, it was.
> Q. And you knew if you didn't want to testify, nobody could make you? A. I also knew that too, but what I also knew was that my background, my prior conviction should not have been allowed for the jury to hear because it was a drug felony conviction, the same as I was on trial for.
> Q. Well, you knew before you got on the witness stand or before you chose to get on the witness stand that that—that the judge had ruled you could be questioned about that. Is that correct? A. Listen, when I got on the witness stand, I was there. I was at the defense table when the judge said I'll allow it in. Yeah, I got on the stand. I'm allowed to, right?

---

[1] The State filed a motion to dismiss under Iowa Code section 822.3 (2007), because the application was not filed within three years after the date procedendo was issued and the district court granted the motion. Rumley appealed and by an order the Iowa Supreme Court determined the dismissal had been improperly granted because Rumley's counsel had not received notice of the motion to dismiss.

> Q. Yes. My question to you was, you knew before you actually got on the witness stand that those questions could be asked of you? A. Yes, sir.

The district court noted Rumley had stated it was his choice to testify. Rumley raised several grounds seeking relief, which are not at issue in this appeal. The district court denied his application for postconviction relief. He now appeals.

## II.      Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the applicant a fair trial.[2] *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). In order to show prejudice, an applicant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Madsen*, 813 N.W.2d 714, 727 (Iowa 2012). An applicant has the burden to show by a preponderance of the evidence that counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III.      Merits

On appeal, Rumley claims he received ineffective assistance because his postconviction counsel did not raise the issue of whether his trial and appellate

---

[2]   A criminal defendant's right to the effective assistance of counsel applies to appeals and postconviction proceedings, as well as criminal proceedings. *Schertz v. State*, 380 N.W.2d 404, 412 (Iowa 1985). "The same standards that we apply to trial counsel competency also apply to subsequent counsel, and the client bears the same burden of proof to establish the ineffectiveness of counsel." *Id.*

counsel should have argued that his decision to testify was not knowing and voluntary. He asserts his trial counsel failed to advise him about the consequences of testifying. In particular, he states he was not informed of his constitutional right not to testify or how his previous felony convictions could be used against him. He also contends that he was prejudiced in that if he had not testified the result of the trial might have been different.

We first note that the issue of whether Rumley received ineffective assistance because his defense counsel did not object when, after Rumley decided to testify, the district court ruled his previous felony convictions were admissible was previously decided in the direct appeal, and the issue is therefore not before us in this appeal of the postconviction ruling. *See Rumley*, 2005 WL 427595, at *2. The only issue here is whether Rumley has shown defense counsel did not adequately advise him about the consequences of testifying so he could make an informed decision about whether to testify. *See Ledezma v. State*, 626 N.W.2d 134, 147 (Iowa 2001); *see also State v. DeSimone*, 839 N.W.2d 660, 672 (Iowa 2013) (noting that based on the Fifth Amendment a criminal defendant has an absolute right not to testify).

We determine Rumley has not shown he was prejudiced by counsel's performance. *See State v. Pace*, 602 N.W.2d 764, 774 (Iowa 1999) (noting we may bypass the first prong of the test for ineffective assistance of counsel if there is no prejudice). "Prejudice exists where the claimant proves by 'a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Clay*, 824 N.W.2d 488, 496

(Iowa 2012) (citation omitted). In determining whether prejudice exists we "consider the totality of the evidence, what factual findings would have been affected by counsel's errors, and whether the effect was pervasive or isolated and trivial." *State v. Maxwell*, 743 N.W.2d 185, 196 (Iowa 2008).

As we noted in the direct appeal, "the State presented a virtually airtight case," against Rumley. *Rumley*, 2005 WL 427595, at *2. The transactions between Butler and Rumley—where Butler had been asked to obtain crack cocaine, Butler approached Rumley, Rumley spit something into Butler's hand, Butler gave the undercover officers two individually packaged rocks of crack cocaine, and Butler delivered the officer's money to Rumley—were directly observed by officers and captured on videotape. Additionally, Rumley was found to have four individually packaged rocks of crack cocaine in his mouth. He also had $151 in cash on him.

We conclude that Rumley has not shown that even if he had made the decision not to testify at his criminal trial, a reasonable probability exists that the result of the proceeding would have been different. Rumley has not shown he received ineffective assistance because postconviction counsel did not raise the issue of whether defense counsel should have done more to advise him before he made the decision to testify at his criminal trial. We affirm the decision of the district court denying his application for postconviction relief.

**AFFIRMED**.