# IN THE COURT OF APPEALS OF IOWA

No. 13-0738
Filed April 30, 2014

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**DARION AUBREA LOVE,**
　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, James S. Heckerman, Judge.

Darion Love appeals from the sentences imposed upon his convictions of assault with intent to inflict serious injury and willful injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Matthew D. Wilber, County Attorney, and Amy Zacharias, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**DANILSON, C.J.**

Darion Love appeals from his convictions of assault with intent to inflict serious injury and willful injury, contending the district court erred in not merging the two sentences. Upon our de novo review, we conclude there was substantial evidence to support the two separate convictions and the district court did not err in refusing to merge the sentences. We affirm.

**I. Background Facts.**

Over the course of several hours on May 5 and 6, 2012, Darion Love beat Jennifer Pruett, the mother of his child. We summarize: Pruett locked herself in her bedroom to get away from an angry and intoxicated Love. Love gained entry to Pruett's bedroom. Pruett threw a cup at Love, hitting him in the forehead. Love bit Pruett on the left arm and punched her in the face with his fist. When Pruett fell to the floor, Love kicked her in the face and "stomp[ed]" her back. Pruett tried to crawl to the bathroom, but Love grabbed her by the hair and banged her head on the bathroom floor while continuing to punch her in the face and kick her in the back. Love stopped his assault to call people to complain about Pruett. Love stated he was going to kill Pruett. After dragging her back to the bedroom from the bathroom doorway, Love beat Pruett with the wooden legs off a TV table until she could no longer move. Love again got on the phone and lit a cigarette. He then poured fingernail polish on Pruett's face and put out his lit cigarette behind Pruett's left ear.

The morning of May 6, Pruett presented to the emergency room with dried blood on her clothing; both eyes bruised and swollen shut; mouth swollen; numerous bruises—including long, linear bruises—on her arms, legs, and back;

a sprained wrist and ankle; and her nose fractured. She was admitted "because of the severe head trauma," and she was unable to open her eyes. Pruett was in the hospital for two days.

Photographs taken at Pruett's house after the event indicate there was blood on her bedding, two walls of her bedroom, and the bathroom floor. The broken legs of the TV table were scattered across the bedroom, splintered and blood-stained. DNA testing determined the blood was Pruett's.

Love was charged in three counts: count one, first-degree kidnapping; count two, attempted murder; and count three, willful injury causing bodily injury. He raised an intoxication defense and argued he suffered from mental illness. After a jury trial, Love was found guilty on count two of the lesser-included charge of assault causing serious injury, and on count three of willful injury as charged. The district court imposed concurrent sentences.

Love now appeals, contending the sentences are illegal because the convictions should merge.

**II. Scope and Standard of Review.**

Love's appeal has constitutional implications and, therefore, our review is de novo. *See State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013).

**III. Discussion.**

Love argues his conviction of assault with intent to inflict serious injury should have merged with his conviction of willful injury. The State argues the record supports two or more separate and distinct crimes. We conclude the case was presented as a series of completed assaults, with a break in the action

between the completed acts, which under the principles enunciated in *Velez*, provides support for the two convictions. *See* 829 N.W.2d at 583.

> It is well established in Iowa law that a single course of conduct can give rise to multiple charges and convictions. *See State v. McKettrick*, 480 N.W.2d 52, 57 (Iowa 1992) (discussing how we typically resolve "[t]he question of whether the legislature intended that a criminal defendant may be cumulatively punished based upon a single incident"). "In considering a double jeopardy claim within the multiple punishments context, we are guided by the general principle that the question of what punishments are constitutionally permissible is no different from the question of what punishments the legislature intended to impose." *Id.* at 57. In order to determine if Velez's second conviction constitutes a violation of his double jeopardy protections, the key question we must answer is what the legislature intended would constitute a unit of prosecution under Iowa Code section 708.4. In our analysis of whether two distinct factual bases existed to accept Velez's guilty plea, we analyzed legislative intent. We found that under both the break-in-the-action test and the completed-acts test, Velez committed two or more discrete acts of willful injury. Because the legislative intent was to punish these two or more acts, double jeopardy is not violated.

*Id.*

> More recently, our supreme court enunciated the following test:

> [O]ur decision in *Velez* and cases in other jurisdictions have considered certain factors to aid the fact finder in determining if the defendant's assaultive conduct is one continuous act or a series of separate and distinct acts. These factors are (1) the time interval occurring between the successive actions of the defendant, (2) the place of the actions, (3) the identity of the victims, (4) the existence of an intervening act, (5) the similarity of defendant's actions, and (6) defendant's intent at the time of his actions.

*State v. Ross*, ___ N.W.2d ___, ___, 2014 WL 1128309, at *11 (Iowa 2014).

As was the case in *Velez*, there was more than one "break in the action" between the beatings inflicted upon Pruett. With respect to the factors enunciated in *Ross*, while the time interval between the successive assaults is not completely clear, the interval was sufficient for Love to make several phone

calls to family and friends and to light and smoke a cigarette. Love hit and kicked Pruett in the bedroom; when she tried to crawl to the bathroom, he grabbed her by the hair and hit her head against the bathroom floor, and then dragged her back to the bedroom. As noted, intervening acts included phone calls and Love lighting and smoking a cigarette. Love engaged in different acts of assault—first, punching and kicking Pruett, and later using the broken table legs to beat Pruett.

In *Velez*, the court described the incident that led to the defendant being convicted of two counts of willful injury:

> Welsh described both a break in the action and a series of acts that would each constitute a completed act if serious injury resulted. Specifically, Welsh's minutes of testimony describe Velez striking Kennedy "20 to 40 times" with a metal pole. Since either a single blow or a single series of blows caused each serious injury, we find that there were more than two completed acts, as Kennedy suffered at least two serious injuries. Similarly, we find a break in the action occurred. Velez stopped hitting Kennedy long enough to pat him down, and Welsh's testimony infers Velez was looking for money. When he found no money, only a knife, Velez resumed hitting Kennedy. There was also a break in the action when Kennedy produced a lighter, which resulted in a break in the prior assault, followed by another discrete assault. These breaks in the action are sufficient to constitute two acts of willful injury when serious injury results.

829 N.W.2d at 583-84.

There was substantial evidence from which the jury members could find at least two completed assaults, each of which was accompanied by an intent to inflict serious injury. We therefore affirm the defendant's convictions and sentences.

**AFFIRMED.**