# IN THE COURT OF APPEALS OF IOWA

No. 13-1568
Filed February 11, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KRISTIN RENEE MURRAY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

Defendant appeals her convictions for possession with intent to deliver a controlled substance (crack cocaine) and failure to affix a drug tax stamp. **AFFIRMED.**

Steven J. Drahozal of Drahozal Law Office, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Michael J. Walton, County Attorney, and Kelly Cunningham, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., Doyle, J., and Mahan, S.J.*  Tabor, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

Defendant Kristin Murray appeals her convictions for possession with intent to deliver a controlled substance (crack cocaine) and failure to affix a drug tax stamp. Considering the evidence presented at Murray's trial, there is substantial evidence to show she had actual possession of crack cocaine with intent to deliver. Murray has not shown she received ineffective assistance due to counsel's failure to request an instruction giving the definition of possession. We affirm her convictions.

## I. Background Facts & Proceedings.

In the early morning of April 19, 2013, detectives with the Scott County Special Operations Unit had a confidential informant purchase crack cocaine from Karen Cathey at a motel with $100 in marked money. While the motel was under surveillance due to the controlled purchase, Cathey left the motel in a red car with Michigan license plates that was driven by another person.[1] Cathey was arrested when she returned to the motel, and her cell phone was seized. One of the contacts in Cathey's cell phone was listed as "Diamond."

Based on an interview with Cathey, the detectives obtained a search warrant for a residence in Davenport. The red car with Michigan license plates was parked outside the residence, and documents with the name of Kristin Murray were found in the vehicle. When officers entered the residence, Murray and a male, Lashawn Thurman, came downstairs dressed only in undergarments. In a bedroom upstairs officers found a pair of men's jeans on

---

[1] The officers did not follow the vehicle because they were worried about the safety of the confidential informant, who had not exited the motel within the expected timeframe.

one side of a bed and a pair of women's jeans on the other side of the bed. In the pocket of the women's jeans was 3.71 grams of crack cocaine.[2] Next to the pair of women's jeans was a cell phone in a case with a diamond design on it. Murray admitted this cell phone belonged to her. When officers called the number associated with "Diamond" from Cathey's cell phone, Murray's cell phone rang. Officers also found a purse in the residence containing documents addressed to Murray. The purse contained $210 in cash, including some of the marked money from the controlled drug purchase earlier that night. A digital scale was also found in the residence.

A jury found Murray guilty of possession with intent to deliver a controlled substance (crack cocaine), conspiracy to commit a non-forcible felony, and failure to affix a drug tax stamp. The court denied Murray's motions for judgment of acquittal and for new trial. It determined Murray's convictions for possession with intent to deliver and conspiracy should be merged for purposes of sentencing. Murray was sentenced to a term of imprisonment not to exceed twenty-five years and five years on her respective convictions, to be served concurrently. Murray now appeals her convictions.

## II. Sufficiency of the Evidence.

Murray contends there is insufficient evidence in the record to show she possessed crack cocaine with the intent to deliver. She asserts there is insufficient evidence to show the women's jeans that had crack cocaine in the pocket belonged to her. Murray told officers she wore a size 14 and the jeans were a size 11. She states the officers refused to allow her to try on the jeans in

---

[2] The men's jeans had 16.78 grams of crack cocaine in a pocket.

order to show they were too small for her. Murray points out the house was rented by Tiana Johnson, the red car was rented by Olivia Oliver, and she had been given a ride to the house by Stacy. Murray claims the jeans could have belonged to any of these women.

We review claims challenging the sufficiency of the evidence in a criminal case for the correction of errors at law. *State v. Dalton*, 674 N.W.2d 111, 116 (Iowa 2004). We will uphold the jury's verdict when it is supported by substantial evidence. *State v. Hagedorn*, 679 N.W.2d 666, 668 (Iowa 2004). "Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). We view the evidence in the light most favorable to the State, "including legitimate inferences and presumptions that may fairly be deduced from the record evidence." *State v. Carter*, 696 N.W.2d 31, 36 (Iowa 2005).

In order to establish possession of a controlled substance, the State must prove a defendant "exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a narcotic." *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). This may be established through actual possession or constructive possession. *Id.*

We will first address the theory of actual possession. The State may prove actual possession through direct or circumstantial evidence. *Id.* A defendant has actual possession of a controlled substance when it is found on his or her person or there is substantial evidence the controlled substance was on his or her person at some point in time. *Id.*; *see also State v. Vance*, 790 N.W.2d 775, 784 (Iowa 2010) ("Although the pseudoephedrine was not found on

Vance's person at the time of the stop, substantial evidence supports the jury's finding that at one time Vance had actual possession of the pseudoephedrine with the intent to manufacture methamphetamine.").

We determine there is substantial evidence in the record to show Murray had actual possession of the crack cocaine. When officers entered the residence, there were only two people present—Murray and Thurman. There was only one bedroom in the home that had furniture, including a mattress. Murray and Thurman came downstairs wearing only undergarments. The jury could infer that Murray and Thurman each took off their jeans and laid down on the mattress to go to sleep, then came downstairs when the officers arrived to execute the search warrant around 7:00 a.m., leaving their jeans on the floor beside the bed. Additionally, Murray told officers the cell phone found on the floor next to the women's jeans belonged to her. When Cathey's contact, "Diamond," was called, Murray's cell phone rang.

Furthermore, Murray's purse contained marked money from the controlled purchase by the confidential informant, linking her to the sale of crack cocaine. A digital scale, an item often used by drug dealers to weigh illegal drugs, was found in the residence. Moreover, Cathey, a drug dealer, was picked up from the motel by a red car with Michigan license plates. When officers searched the vehicle, they found documents addressed to Murray in the car.

We conclude all of this evidence, taken together, provides substantial evidence to show Murray had actual possession of the crack cocaine found in the pocket of the women's jeans. Because there is substantial evidence to show Murray had actual possession of the crack cocaine, we will not analyze the

evidence under a theory of constructive possession. We determine the district court did not err in denying Murray's motion for judgment of acquittal.

### III. Ineffective Assistance.

Murray claims she received ineffective assistance because her defense counsel did not request a jury instruction defining possession. She asserts that if the jury had received an instruction listing the elements of constructive possession, the jury would not have found her guilty of possession of a controlled substance with intent to deliver.

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

We determine Murray has not shown she was prejudiced by counsel's failure to request an instruction giving the legal definition for possession. The evidence shows she had actual possession of the crack cocaine, and we do not believe the jury would have reached a different verdict if an instruction more specifically setting out the elements of constructive possession had been given. We conclude Murray has failed to show she received ineffective assistance of counsel.

We affirm Murray's convictions.

**AFFIRMED.**