# IN THE COURT OF APPEALS OF IOWA

No. 14-0647
Filed March 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FREDDIE ROSS JR.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

Freddie Ross appeals from his conviction for assault causing bodily injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, Michael J. Walton, County Attorney, and Patrick McElyea, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, P.J.**

Freddie Ross appeals from his conviction for assault causing bodily injury.[1] He asserts the district court erred in admitting the testimony of the victim—who stated the doctor informed her that her jaw was "fractured, broken"—asserting that it was inadmissible hearsay and that it was unreliable. He further argues the court erred in admitting a photograph of the hospital record indicating the victim suffered a broken jaw. Specifically, Ross claims the court should have sustained his objections to the exhibit on authentication and hearsay grounds. We conclude Ross failed to prove he suffered prejudice, given that the State, through other testimony of the victim and properly admitted exhibits, established she suffered bodily injury within the meaning of Iowa Code section 708.2 (2013). Consequently, we affirm Ross's conviction.

On the night of November 16, 2013, Christina Goard and Jeremy Rosenfeld went to Ross's residence after leaving a bar, along with Ross's friend Keegan. At Ross's apartment Keegan attacked Rosenfeld, and Ross helped Goard pull Keegan off of Rosenfeld. When Goard threatened to call the police, Ross punched her in the face. At the hospital, Goard was diagnosed with a broken jaw.

Ross was charged with assault causing bodily injury, in violation of Iowa Code sections 708.1 and 708.2(2), based on his attack of Goard. A trial was held on March 31, 2014. The following exchange occurred during the course of Goard's testimony:

---

[1] Ross was also convicted of simple assault, based on conduct that occurred on the same date but with a different victim. Ross does not appeal this conviction.

> [The State]: So what happened when you went to the hospital?
> Goard: They told me that my jaw was fractured, broken.
> [Defense Counsel]: Objection. Hearsay.
> The Court: Response?
> [The State]: These are statements for the purpose of medical diagnosis, Your Honor.
> The Court: Overruled. You can answer.
> Goard: They told me that my jaw was, in fact, fractured, broken.

Over Ross's objections of authenticity and hearsay, the district court also admitted exhibit ten—a picture of papers Goard received from the hospital, indicating she had a broken jaw. On April 1, 2014, the jury returned a verdict of guilty, and Ross appeals.

We review evidentiary rulings for correction of errors at law. *State v. Newell*, 710 N.W.2d 6, 18 (Iowa 2006).

Ross first asserts the trial court erred in admitting Goard's statement—that she was told her jaw was broken—over his hearsay objection. He also argues there is no measure of reliability as to Goard's statement that, at the hospital, "they told me that my jaw was fractured, broken" because we do not know who "they" are. Hence, he asserts, reliance on Iowa Rule of Criminal Procedure 5.803(4) is misplaced. However, the lack of reliability in this statement, in addition to the hearsay issue, does not serve to establish prejudice, given that other, properly admitted evidence also established Goard suffered a bodily injury. *See State v. Sullivan*, 679 N.W.2d 19, 29 (Iowa 2004) (noting the defendant must also suffer prejudice to succeed on an evidentiary challenge).

When evidence—regardless of its admissibility—is duplicative of other, properly admitted evidence, the defendant does not suffer prejudice. *See*

*Newell*, 710 N.W.2d at 19. Goard testified that her jaw was broken on a line of questioning to which Ross did not object, in which she noted she "had papers from the hospital stating that [her] jaw was, in fact, broken." Additionally, the majority of her testimony regarding her injury centered on the damage done to her jaw. However, her testimony also included the following statements: (1) that Ross punched her in her left jaw; (2) she immediately told another person present she thought her jaw was broken and that the pain was "excruciating;" (3) that her back hurt when Ross threw her down on the gravel, an injury that was also supported by an exhibit of a photo showing the scrape on her back; and (4) that she had minor bruising on her legs and arms. The State also entered into evidence exhibit seven, a photograph of Goard's face clearly depicting an injury, with a bruise on her chin. This testimony and exhibit seven support the charge of assault causing bodily injury, given the State only needed to prove Goard suffered an injury, as opposed to having to prove her jaw was actually broken. *See* Iowa Code §§ 708.1 & 708.2(2); *see also State v. McKettrick*, 480 N.W.2d 52, 58 (Iowa 1992) (defining the elements of assault causing bodily injury).

Ross also contends the district court erred in overruling his objection to exhibit ten, which is a photograph of a copy of a purported hospital report. According to Ross, the issue with regard to this exhibit is the fact it appeared to represent a diagnosis of a broken jaw. However, as previously stated, Ross cannot establish he was prejudiced by the admission of this exhibit, given that its purpose was to establish injury, and so was duplicative of other evidence. Thus, the fact Goard suffered "bodily injury"—as encompassed by section 708.2(2)—

was established beyond exhibit ten and Goard's statement that "they told me that my jaw was fractured." Consequently, Ross failed to prove prejudice. *See Sullivan*, 679 N.W.2d at 29.

For these reasons, Ross's claims fail, and we affirm his conviction.

**AFFIRMED.**