## IN THE COURT OF APPEALS OF IOWA

No. 14-0415
Filed June 10, 2015

**CHRISTOPHER McCOY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Rustin T. Davenport, Judge.

The applicant appeals the district court's denial of his request for postconviction relief from his conviction for child endangerment resulting in death. **AFFIRMED.**

Steven J. Drahozal of Drahozal Law Office, P.C., Dubuque, and Travis M. Armbrust of Brown, Kinsey, Funkhouser & Lander, P.L.C., Mason City, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, and Carlyle D. Dalen, County Attorney, for appellee State.

Considered by Vaitheswaran, P.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

Christopher McCoy appeals the district court's denial of his request for postconviction relief from his conviction for child endangerment resulting in death. McCoy has not shown he received ineffective assistance because his defense counsel did not file a motion for change of venue. Also, he has not shown he was denied his right to a fair and impartial jury. We affirm the district court decision denying McCoy's application for postconviction relief.

### I. Background Facts & Proceedings.

On January 10, 2006, McCoy was living with his girlfriend and her two-year-old child, R.P. The child received head injuries while in McCoy's care and died two days later. McCoy was charged with first-degree murder and child endangerment resulting in death. The jury found him guilty of child endangerment resulting in death, in violation of Iowa Code section 726.6(4) (2005), and involuntary manslaughter resulting from a public offense, in violation of section 707.5(1). McCoy was sentenced to terms of imprisonment not to exceed fifty years and five years, to be served consecutively. On appeal, we determined the convictions should be merged.[1] *State v. McCoy*, No. 07-1657, 2008 WL 5005189, at *2 (Iowa Ct. App. Nov. 26, 2008). Procedendo issued on January 28, 2009.

On December 16, 2011, McCoy filed an application for postconviction relief, claiming he received ineffective assistance of counsel at his criminal trial. He claimed defense counsel should have filed a motion for change of venue

---

[1] McCoy's conviction for involuntary manslaughter resulting from a public offense and his five-year sentence for that offense have been vacated.

because there was publicity about the murder of a child, E.M., in the next county, which he believed may have influenced the jurors in his case. He also claimed there had been juror misconduct; his mother, Beverly McCoy, testified she overheard a deputy tell one of the jurors, "[W]ell, if they're in here, they're guilty."

The district court entered a ruling on February 11, 2014, denying McCoy's request for postconviction relief. The court found the press coverage regarding McCoy's case was generally factual in nature. The court found the press coverage of the murder of E.M. was also factual in nature. The court determined that even if a motion for change of venue had been made, it was unlikely the motion would have been granted. The court concluded McCoy had failed to show he received ineffective assistance on this ground. The court found Beverly's testimony was not credible and concluded McCoy had not been deprived of an impartial jury. McCoy now appeals the district court decision denying his request for postconviction relief.

## II. Change of Venue.

McCoy contends he received ineffective assistance because his defense counsel did not file a motion for change of venue. McCoy was tried in Cerro Gordo County. Prior to the incident in this case, on July 1, 2005, E.M., who was five years old, disappeared from her home in Floyd County, and after an extensive search her body was found on July 6, 2005. Cerro Gordo County and Floyd County abut each other and share a media market. McCoy claims there was pervasive and inflammatory coverage of the E.M. case. He claims the jury in his case may have been tainted by the media coverage of the E.M. case. He

asserts there were some factual similarities because in both cases a child died and a live-in boyfriend came under suspicion for the offense.[2]

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

A motion for a change of venue may be granted when there is evidence "that such degree of prejudice exists in the county in which the trial is to be held that there is a substantial likelihood a fair and impartial jury trial cannot be preserved with a jury selected from that county." Iowa R. Crim. P. 2.11(10)(b). "The question of when to seek a change of venue is, however, a matter of professional judgment about which experienced trial lawyers frequently disagree." *Fryer v. State*, 325 N.W.2d 400, 413 (Iowa 1982). "[W]e will not reverse where counsel has made a reasonable decision concerning trial tactics and strategy, even if such judgments ultimately fail." *Brewer v. State*, 444 N.W.2d 77, 83 (Iowa 1989). "Improvident trial strategy, miscalculated tactics or mistakes in judgment do not necessarily amount to ineffective assistance." *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012).

---

[2] We note the live-in boyfriend in the E.M. case was not charged with first-degree murder until September 27, 2012, long after McCoy's criminal trial. At the time of McCoy's trial in 2007, media reports in E.M.'s case stated only that the murder of E.M. was as yet unsolved.

McCoy has not shown defense counsel failed to make a reasonable decision to forgo a motion for change of venue in this case. Defense counsel testified an investigator collected information about media coverage of McCoy's criminal charges and she reviewed the reports to determine whether a motion for change of venue should be filed. Defense counsel stated she was not concerned that media coverage of the E.M. case might affect the jury pool in McCoy's case. She stated she questioned the jurors during voir dire to find out if they had been prejudiced due to exposure to media coverage. We conclude McCoy has not shown he received ineffective assistance from defense counsel on this ground.

**III. Juror Misconduct.**

McCoy asserts he was denied his right to a fair and impartial jury. Based upon the testimony of his mother, Beverly, he claims a deputy told one of the jurors, "[W]ell, if they're in here, they're guilty." McCoy believes this conversation may have tainted the juror's fairness.

We first note this issue was not raised as a claim of ineffective assistance of counsel, and therefore, under section 822.8, has not been properly raised in this postconviction action. Second, during the criminal trial one of the jurors was questioned in chambers by the court about a conversation with a law enforcement officer during a break. The court stated, "Obviously someone has told me that he or she had seen you with a deputy." The juror stated he had not talked about the criminal case at all. The court, the prosecutor, and defense counsel must have found the juror credible because no further action was taken. Third, the district court found that Beverly, who testified at the postconviction

hearing, was not credible in her testimony. For all of these reasons, we conclude McCoy has failed to show he did not have a fair and impartial jury.

We affirm the district court decision denying McCoy's application for postconviction relief from his conviction for child endangerment resulting in death.

**AFFIRMED.**