## IN THE COURT OF APPEALS OF IOWA

No. 14-0925
Filed September 10, 2015

**BRIAN KELLY ALLISON,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Keokuk County, Daniel P. Wilson, Judge.

　　　　The applicant appeals the district court decision denying his request for postconviction relief from his convictions on three counts of third-degree sexual abuse. **AFFIRMED.**

　　　　Bret R. Larson of Orsborn, Milani, Mitchell & Goedken, L.L.P., Ottumwa, for appellant.

　　　　Thomas J. Miller, Attorney General, Heather Ann Mapes and Douglas D. Hammerand, Assistant Attorneys General, and John E. Schroeder, County Attorney, for appellee.

　　　　Considered by Vaitheswaran, P.J., McDonald, J., and Eisenhauer, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Applicant Brian Allison appeals the district court decision denying his request for postconviction relief from his convictions on three counts of third-degree sexual abuse. Allison claims he received ineffective assistance because his defense counsel did not adequately investigate whether one of the jurors was biased. We affirm the district court's decision denying Allison's request for postconviction relief.

## I. Background Facts & Proceedings.

Allison was previously married to Tina. After they separated, Tina's daughter, C.N., alleged Allison had sexually abused her over a period of years when she was a minor. Allison was charged with three counts of third-degree sexual abuse. A jury found him guilty of the charges. He was sentenced a term of imprisonment not to exceed ten years on each count, to be served consecutively. Allison's convictions were affirmed on appeal. *State v. Allison*, No. 11-0774, 2012 WL 2817324 (Iowa Ct. App. July 11, 2012).

Allison filed an application for postconviction relief, claiming he received ineffective assistance because defense counsel did not investigate a possibly biased juror. At the postconviction hearing, Allison testified he observed a female juror give Tina "a giddy, friendly, hello-here-I-am wave," during a recess in his criminal trial. He stated he had no idea who the juror was. He stated he told defense counsel about the incident but no action was taken. Defense counsel did not recall the incident and had no record of it. Defendant's son, Clinton, testified he observed a female juror wave or make a gesture as the jurors were

entering the courtroom after a break. He was not certain if the juror was waving to Tina or Clint Little.[1] He stated Tina and Little acknowledged the gesture from the juror. Clinton also did not know the identity of the juror in question.

The district court denied Allison's application for postconviction relief. The court found:

> Neither Mr. Clinton Allison nor Applicant Allison knew the juror's name or whether the juror actually knew C.N.'s mother, or had any relationship or knowledge of C.N.'s mother.
>     Even if the Court accepts that an unknown juror waved once at C.N.'s mother during a recess in the trial, no evidence was presented about any relationship between the unknown juror and C.N.'s mother, or the possibility of any bias or unfairness that might have resulted therefrom. Allison is therefore unable to prove any prejudice on this claim.

The court concluded Allison had failed to show he received ineffective assistance of counsel. Allison now appeals the district court's denial of his request for postconviction relief.

## II. Standard of Review.

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

---

[1] The State asserts the witnesses were sequestered during Allison's criminal trial and Little, who was a witness, would not have been in the courtroom during the recess when the alleged waving incident occurred.

### III. Merits.

Allison claims he received ineffective assistance because his defense counsel did not do anything to address the issue of whether there was a potentially biased juror. He states, "The mere fact that the juror gestured to Tina, and such gesture was acknowledged is sufficient to determine the juror was biased." He asserts the incident should have been investigated to determine the extent of the juror's bias. Allison believes there is a reasonable probability the result of the trial would have been different if the potentially biased juror was removed.

To succeed with his allegation of ineffective assistance of counsel, Allison needed to establish the underlying claim of juror bias in order to show counsel fell below reasonable competency by not questioning the juror. He also needed to show he suffered prejudice from the presence of a biased juror in deliberations. Without developing this underlying claim, the applicant could not establish counsel's ineffectiveness. Allison only offered his own testimony and that of his son. He cannot sustain his claim based on this record. We conclude Allison has not met his burden to show defense counsel breached an essential duty. *See King v. State*, 797 N.W.2d 565, 571 (Iowa 2011) ("[I]t is the applicant's burden to present facts establishing inadequate representation."). Neither Allison nor Clinton could identify the juror in question. It is also unknown whether the juror actually waved at Tina or someone else. If the juror waved at Tina, it is unknown what, if any, relationship there was between them, and if there was a relationship, whether it would have caused the juror to be biased against Allison.

Allison has not shown one of the jurors was biased against him. He therefore has not shown his convictions were the result of bias.

We affirm the decision of the district court denying Allison's application for postconviction relief.

**AFFIRMED.**