# IN THE COURT OF APPEALS OF IOWA

No. 16-1456
Filed July 6, 2017

**ANTHONY DARNELL ROBINSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

Applicant appeals the denial of his second postconviction-relief application. **AFFIRMED.**

Les M. Blair III of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Anthony Robinson appeals the denial of his second postconviction-relief application. He argues his first postconviction counsel was ineffective for failing to file a motion to enlarge or expand the postconviction court's ruling that appellate counsel should have raised the issue that an impeachment instruction based on inconsistent testimony was warranted at trial. We affirm.

**I. Background Facts and Proceedings.**

Anthony Robinson's postconviction appeal arises from a 2005 conviction for first-degree robbery and willful injury. At trial, Sinh Tran testified about his account of the events.[1] He stated the day of the robbery he was on the way home from a friend's house when he stopped at the store to buy some cigarettes, and Robinson approached him for a ride. Tran stated that Robinson got into the car and asked him for money. When Tran said that he did not have any money, Robinson took out a knife, hit Tran multiple times, stabbed him, and took his wallet, which had fourteen or fifteen dollars in it. The police arrived, and Tran was later treated for his injuries.

Officer Scott Crow testified at trial about his conversations with Tran regarding the events. According to Crow, Tran told him he was coming from home when he stopped to buy cigarettes. He also testified that Tran stated he wanted to leave the scene of the crime, and Robinson took seventeen dollars.

At the close of trial, Robinson's counsel objected to the court's deletion of a proposed instruction for "impeachment of prior under-oath statements" based

---

[1] Tran testified with the assistance of an interpreter.

on the inconsistencies between Tran's and Crow's testimony about what Tran told Crow after the attack. The court overruled the objection, explaining:

> The court's recollection of the testimony is that no formal impeachment by prior sworn statement occurred in the testimony of Sinh Tran. I do know that counsel for the defendant did make reference to the deposition, however I don't believe that there was formal impeachment of Mr. Tran's testimony by his previous deposition testimony, and that's the reason why the court did not submit that instruction.

Following the trial, Robinson was convicted of first-degree robbery and willful injury. Robinson appealed his conviction raising multiple arguments that are not at issue in this appeal. A panel of our court affirmed Robinson's conviction. *See State v. Robinson*, No. 06-0050, 2007 WL 257623, at *1 (Iowa Ct. App. Jan. 31, 2007).

In 2007, Robinson filed a pro se application for postconviction relief arguing, in part, appellate counsel was ineffective for failing to argue the trial court should have issued an impeachment instruction based on the inconsistent statements to law enforcement. Robinson then secured court-appointed counsel and filed an amended postconviction-relief application. The postconviction court denied Robinson's claims. Robinson appealed, arguing postconviction counsel was ineffective for failing to have the postconviction court rule on his claim that appellate counsel was ineffective for failing to argue an impeachment instruction was required at the trial level. A panel of our court preserved the argument for possible postconviction relief because the original trial testimony was not part of the record. *See Robinson v. State*, No. 10-1834, 2012 WL 2819336, at *2 (Iowa Ct. App. July 11, 2012).

In 2012, Robinson filed his second application for postconviction relief. In it, he argued that his first postconviction counsel was ineffective for not filing a motion to enlarge or expand the postconviction court's ruling regarding the impeachment-instruction claim. The postconviction court denied his claims. Robinson appealed.

## II. Standard of Review.

Generally, we review postconviction proceedings for correction of errors at law. *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011). However, when the issues raised are of a constitutional nature, such as claims of ineffective assistance of counsel, our review is de novo. *Id.*

## III. Discussion.

Robinson claims multiple levels of ineffective assistance of counsel. He argues his first postconviction counsel was ineffective for failing to raise the claim that appellate counsel was ineffective for failing to argue the trial court erred in denying Robinson's request for an impeachment instruction.

To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992). Robinson must prove both elements by a preponderance of the evidence. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006)

To prove the first prong of this claim, Robinson must show counsel's performance fell outside the normal range of competency. *See id.* Starting "with the presumption that the attorney performed his duties in a competent manner," "we measure counsel's performance against the standard of a reasonably competent practitioner." *State v. Maxwell*, 743 N.W.2d 185, 195-96 (Iowa 2008). In accord with these principles, we have held that counsel has no duty to raise an issue that has no merit. *State v. Schaer*, 757 N.W.2d 630, 637 (Iowa 2008).

We begin with the original claim of error—whether an impeachment instruction was required at the trial level. Robinson argues Sinh Tran made multiple inconsistent statements, which required an impeachment instruction from the trial court. Specifically, Robinson points to the following testiomny by Tran that was contradicted by Officer Scott Crow's testimony about what Tran told him after the attack: (1) Robinson took seventeen dollars from Tran; (2) Tran was at a friend's house and stopped to buy cigarettes on the way home; (3) Tran did not want to leave the scene of the crime; and (4) Tran jumped out of the car on his own. Crow, on the other hand, testified Tran told him at the scene Robinson took fourteen dollars, Tran was coming from his home, Tran wanted to leave the scene, and Robinson removed Tran from the car.

A trial court must submit an instruction to the jury "[a]s long as a requested instruction correctly states the law, has application to the case, and is not stated elsewhere in the instructions*." State v. Kellogg*, 542 N.W.2d 514, 516 (Iowa 1996). At trial, Robinson's counsel requested a jury instruction on impeachment

of prior under-oath statements.[2] However, the inconsistent statements Robinson claims support the issuance of a jury instruction were not made under oath; they were made to a police officer. As the trial court stated when it addressed Robinson's objection to removing the jury instruction, "[N]o formal impeachment by prior sworn statement occurred in the testimony of Sinh Tran." We agree the requested instruction had no application to Robinson's case. Appellate counsel and postconviction counsel were not ineffective for failing to raise a meritless claim. *See Schaer*, 757 N.W.2d at 637.

**AFFIRMED.**

---

[2] Iowa Criminal Jury Instructions 200.43, for example, states as follows:

> You have heard evidence claiming [name of witness] made statements before this trial *while under oath* which were inconsistent with what [name of witness] said in this trial. If you find these statements were made and were inconsistent, then you may consider them as part of the evidence, just as if they had been made at this trial.
>
> You may also use these statements to help you decide if you believe [name of non-party witness]. You may disregard all or any part of the testimony if you find the statements were made and were inconsistent with the testimony given at trial, but you are not required to do so. Do not disregard the trial testimony if other evidence you believe supports it or you believe it for any other reason.

(emphasis added).