# IN THE COURT OF APPEALS OF IOWA

No. 23-1294
Filed October 2, 2024

**FREDDY DOUGLAS CRISP,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Calhoun County, Blake H. Norman,

Judge.

Freddy Crisp appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee State.

Considered by Greer, P.J., Chicchelly, J., and Bower, S.J.* Buller, J., takes

no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**BOWER, Senior Judge.**

Freddy Crisp appeals the denial of his application for postconviction relief (PCR). He alleges he received ineffective assistance of counsel from his trial attorney. Upon our review, we affirm.

## I. Background Facts and Proceedings

A jury found Crisp guilty of first-degree murder, and the district court sentenced Crisp to life in prison. At trial, evidence was presented showing Crisp and the victim, Dale Potter, drank alcohol throughout the afternoon outside of Crisp's residence and eventually began arguing and yelling at each other. Early the following morning, they left and returned in Crisp's truck. Crisp's neighbor witnessed the two men sitting in the truck and soon afterward heard a loud noise. The neighbor observed Potter "slumped over" in the truck.

Crisp then entered his home and—according to his wife—woke her up, asked for help, and called 911. Crisp had a gun, which his wife placed in a laundry basket. The police arrived, and Crisp admitted to an altercation with Potter in Crisp's truck. He made no mention of acting in self-defense. A single spent bullet casing was found in Crisp's truck and was subsequently determined to have come from Crisp's gun.

Initially, Crisp asserted Potter had pulled out his own gun and threatened to commit suicide, Crisp tried to take the gun from Potter, and the gun accidentally discharged. He stated his own gun stayed holstered during the incident. After investigation, it was determined the fatal injury to Potter came from Crisp's gun. Only then did Crisp admit firing his gun.

Crisp appealed, and this court affirmed his conviction. *State v. Crisp*, No. 16-1252, 2017 WL 6033872, at *2 (Iowa Ct. App. Dec. 6, 2017). We preserved some claims made on direct appeal for possible postconviction relief.

Crisp initiated this PCR action in 2018. His PCR application alleged in part his trial counsel was ineffective for failing to sufficiently investigate evidence of Potter's character and propensity for violence.

Following trial, the district court entered an order denying Crisp's PCR application. The district court noted on direct appeal this court had determined the evidence of Potter having a "rap sheet" and being on an FBI watch list was properly excluded in his underlying criminal trial. Additionally, the district court found Crisp's and his wife's attempts to assert they knew additional facts concerning Potter's character and propensity for violence were not credible. Crisp appeals.

## II.    Standard of Review

To succeed on an ineffective assistance of counsel claim, Crisp must show trial counsel beached an essential duty and prejudice resulted from the breach. *See Lamasters v. State*, 821 N.W.2d 856, 866, (Iowa 2012); *State v. McPhillips*, 580 N.W.2d 748, 754 (Iowa 1998). We may affirm if either of the elements is lacking. *See Lamasters*, 821 N.W.2d at 866. To prove a breach of duty, Crisp must prove trial counsel's performance was not within the standard of reasonable competence. *See id.* Prejudice is present if the result of the proceeding would have differed absent counsel's errors. *See id.* We presume counsel was competent, and Crisp has the burden of proof to prove otherwise. *See State v. Spurgeon*, 533 N.W.2d 218, 219 (Iowa 1995). Generally, this court reviews denials of applications for postconviction relief for correction of errors at law. *Sauser v.*

*State*, 928 N.W.2d 816, 818 (Iowa 2019). However, because Crisp's ineffective-assistance-of-counsel claim is based upon a constitutional violation, review is de novo. *See Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

### III. Analysis

Crisp claims although the trial court granted the State's motion in limine barring evidence of Potter being on an FBI watch list and references to his "rap sheet," trial counsel should have offered other relevant evidence of Potter's violent character.[1] This supplementary evidence Crisp and his wife provided included assertions Potter was involved in a militia; was sent to a psychiatric ward for setting himself on fire twice to avoid physical altercations; was present at the 2014 Bundy Ranch incident[2]; had a history of assaultive behavior; and was allegedly involved with sex, gun, and drug trafficking; Crisp and his wife also asserted that law enforcement had been warned to approach Potter with caution. Crisp asserts his trial counsel not only knew about this supplementary evidence, but consciously chose not to present it. Crisp argues counsel's trial strategy undermined his justification defense and he was prejudiced because the evidence would have "tipped the scales" in favor of proving justification/self-defense.

---

[1] In the direct appeal, a panel of our court found the district court's exclusion of evidence about the FBI watch list and Potter's "rap sheet" was proper as the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. *Crisp*, 2017 WL 6033872, at *4.

[2] The Bundy Ranch incident was an armed dispute in 2014 between Cliven Bundy, a cattle rancher, and the United States Bureau of Land Management (BLM). The confrontation occurred after a twenty-one-year legal dispute where the BLM obtained court orders directing Bundy pay over $1 million in grazing fees because of Bundy's usage of federal land adjacent to Bundy's ranch in Nevada.

The district court determined all the supplemental evidence was not credible. We agree. After the shooting, Crisp's story about the incident changed several times. During trial, his testimony regarding self-defense was inconsistent from what he stated during the 911 call: he did not inform the dispatcher he was in fear for his life. *Crisp*, 2017 WL 6033872, at *3. But he also stated he shot Potter because Potter threatened his life. He also admitted he could have removed himself from the truck. Additionally, on direct examination, Crisp admitted several portions of his original version of events were false. He first testified the shooting occurred due to Potter's statements "about wanting to rape or have sex with [Crisp's] daughter" and Potter punching him in the lip. However, on cross-examination, Crisp contradicted his statement asserting Potter's words caused him to shoot Potter because other people had said things about his daughter before. He had also told officers he initiated the altercation, undermining his assertion that the punch from Potter preceded the shooting. Also on cross-examination, Crisp stated Potter did not say anything before pulling out his gun, which contradicted his previous assertion that Potter stated he wanted to have sex with Crisp's daughter.

Although counsel could have attempted to present the supplemental evidence not barred by the motion in limine at trial, the decision not to present the information fails to rise to the level of ineffective assistance of counsel. Even if the evidence might have been credible, the decision of counsel to not use the purported evidence fell within counsel's trial strategy in defending Crisp. *See State v. Fountain*, 786 N.W.2d 260, 266 (Iowa 2010).

Finally, even if we determined Crisp's counsel breached an essential duty, Crisp was not prejudiced.  To establish prejudice, Crisp must show "there is a 'reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'"  *State v. Hopkins*, 576 N.W.2d 374, 378 (Iowa 1998) (quoting *Stickland v. Washington*, 466 U.S. 668, 687 (1984)).  Due to the inconstancies in Crisp's testimony, the 911 call, and conversations with law enforcement, there was sufficient evidence for a reasonable jury to find Crisp was not justified in his actions.  The decision by counsel to abstain from presenting further evidence of Potter's alleged violent character does not rise to a reasonable probability of a different outcome.

Because Crisp has failed to show he received ineffective assistance of counsel, we affirm the court's denial of his PCR application.

**AFFIRMED.**